# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Andrew Yang, Jonathan Herzog, Hellen Suh, Brian Vogel, Shlomo Small, Alison Hwang, Kristen Medeiros and Dr. Roger Green, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>          v.<br><br>New York State Board of Elections<br><br>                    Defendant. | **ECF CASE**<br><br>CIVIL ACTION:<br><br>EMERGENCY COMPLAINT SEEKING RELIEF UNDER FRCP 65(B) |

*"A Republic, if you can keep it,"* Dr. Benjamin Franklin

## COMPLAINT

Plaintiffs Andrew Yang ("Yang"), Jonathan Herzog ("Herzog"), Hellen Suh ("Suh"), Brian Vogel ("Vogel"), Shlomo Small ("Small"), Alison Hwang ("Hwang"), Kristen Medeiros ("Medeiros") and Dr. Roger Green (Yang, Herzog, Suh, Vogel, Small, Hwang, Medeiros and Dr. Green, the "Plaintiffs"), bring this action both individually and on behalf of all similarly situated, alleging as for their Complaint against Defendant Board of Elections of the State of New York (the "NYS BOE"), upon personal knowledge as to themselves and as to all other matters upon information and belief, based on, *inter alia*, the investigation made by their attorneys signed below, as follows:

## PRELIMINARY STATEMENT

1. This action is brought on an emergency basis under Federal Rule of Civil Procedure 65 and seeks to establish the fundamental principle that in a democracy there is no right more important than the right to vote.

2. Due to the unprecedented and tragic nature of the Covid-19 pandemic, the New York Democratic Presidential Primary, originally scheduled for April 28, 2020, was postponed until June 23, 2020, so that it would coincide with numerous congressional, State Senate, State Assembly and other local elections and therefore minimize the threat to the health and safety of New York voters and election workers. These non-presidential elections are not being cancelled by the NYS BOE, only the Presidential primary.

3. Rather than allow New York Democratic Party voters to vote by mail (as the State is allowing for congressional and other elections pursuant to Executive Order 202.15), on April 27, 2020, the New York State Board of Elections' commissioners voted unanimously to cancel entirely the June 23, 2020 Democratic Presidential Primary, while allowing the other elections to continue.

4. This unprecedented and unwarranted move infringes the rights of Plaintiffs and all New York State Democratic Party voters, of which there are estimated to be more than six million, as it fundamentally denies them the right to choose our next candidate for the office of President of the United States.

5. Moreover, each of the Plaintiffs, save Yang who was the candidate, were running to be among the 274 pledged delegates representing New York State at the Democratic National Convention where the party chooses its candidate. Denying each of the Plaintiffs the opportunity to represent Yang at the convention when duly qualified under the New York Election Law is a denial of their fundamental rights, as well the more than 20,000 New York registered Democrats

who signed petitions to nominate Yang and the Plaintiffs to appear on the April 28 (moved to June 23) election ballot.

6. Plaintiffs therefore seek to recover actual and other damages as well as declaratory, injunctive and equitable relief, together with court fees and costs, so as to reinstate the New York State Democratic Presidential primary in a manner that is both safe to voters and election workers.

## PARTIES

7. Each of the Plaintiffs herein is a Citizen of the United States over the age of eighteen years.

<u>PLAINTIFF ANDREW YANG</u>

8. Plaintiff Yang is a natural person who resides in New York County, New York.

9. Yang campaigned for more than two years to become President of the United States and has worked as a businessman, a social activist, and commentator.

10. Yang is also a registered New York State Democratic Party voter.

11. Attached hereto as <u>Exhibit A</u> is a signed affidavit from Yang.

<u>PLAINTIFF JONATHAN HERZOG</u>

12. Plaintiff Jonathan Herzog is a natural person who resides in New York County, New York.

13. Plaintiff Herzog is a registered New York State Democratic Party voter.

14. Plaintiff Herzog is a candidate for delegate to the Democratic National Convention to represent New York's 10th Congressional District pledged to Andrew Yang. As well, he is a candidate for United States Congress for the House of Representatives representing New York's 10th Congressional District.

15. Attached hereto as <u>Exhibit B</u> is a signed affidavit from Herzog.

### PLAINTIFF HELLEN SUH

16. Plaintiff Hellen Suh is a natural person who resides in New York County, New York.

17. Plaintiff Suh is a registered New York State Democratic Party voter.

18. Plaintiff Suh is a candidate for delegate to the Democratic National Convention to represent New York's 10th Congressional District pledged to Andrew Yang.

19. Attached hereto as <u>Exhibit C</u> is a signed affidavit from Suh.

### PLAINTIFF BRIAN VOGEL

20. Plaintiff Brian Vogel is a natural person who resides in Monroe County, New York.

21. Plaintiff Vogel is a registered New York State Democratic Party voter.

22. Plaintiff Vogel is a candidate for delegate to the Democratic National Convention to represent New York's 25th Congressional District pledged to Andrew Yang.

23. Attached hereto as <u>Exhibit D</u> is a signed affidavit from Vogel.

### PLAINTIFF SHLOMO SMALL

24. Plaintiff Shlomo Small is a natural person who resides in Queens County, New York.

25. Plaintiff Small is a registered New York State Democratic Party voter.

26. Plaintiff Small is a candidate for delegate to the Democratic National Convention to represent New York's 5th Congressional District pledged to Andrew Yang.

27. Attached hereto as <u>Exhibit E</u> is a signed affidavit from Small.

### PLAINTIFF ALISON HWANG

28. Plaintiff Alison Hwang is a natural person who resides in Nassau County, New York.

29. Plaintiff Hwang is a registered New York State Democratic Party voter.

30. Plaintiff Hwang is a candidate for delegate to the Democratic National Convention to represent New York's 4th Congressional District pledged to Andrew Yang.

31. Attached hereto as Exhibit F is a signed affidavit from Hwang.

PLAINTIFF KRISTEN MEDEIROS

32. Plaintiff Kristen Medeiros is a natural person who resides in Suffolk County, New York.

33. Plaintiff Meideros is a registered New York State Democratic Party voter.

34. Plaintiff Meideros is a candidate for delegate to the Democratic National Convention to represent New York's 1st Congressional District pledged to Andrew Yang.

35. Attached hereto as Exhibit G is a signed affidavit from Medeiros.

PLAINTIFF DR. ROGER GREEN

36. Plaintiff Dr. Green is a natural person who resides in Ulster County, New York.

37. Plaintiff Dr. Green is a registered New York State Democratic Party voter.

38. Plaintiff Green is a candidate for delegate to the Democratic National Convention to represent New York's 19th Congressional District pledged to Andrew Yang.

39. Attached hereto as Exhibit H is a signed affidavit from Dr. Green.

**DEFENDANTS**

40. Defendant New York State Board of elections is an agency of the New York State government within the New York State Executive Department responsible for enforcement of the election laws.

41. The NYS BOE has its principal place of business in the County of Albany, New York with an address of NYS Board of Election, 40 North Pearl Street, Suite 5, Albany, New York 12207, also with an office at 200 Varick Street, 10th Floor, New York, NY 10014.

## JURISDICTION AND VENUE

42. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question), §1343(a)(3) (equal rights) and §1343(a)(3) (right to vote)

43. Venue is proper in this District, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the acts or omissions giving rise to Plaintiffs' claims have occurred in this District.

44. Venue is further properly laid in the Southern District of New York because Defendants reside, are found, have agents and transact business in this District pursuant to 28 U.S.C. §1391.

45. Resolving this case in federal court is superior to other methods for the fair and efficient resolution of this controversy. The federal court dispute resolution process presents fewer case management difficulties, and provides the benefit of single adjudication, economy of scale, and comprehensive supervision by a single court. The damages suffered by Plaintiffs, from diverse and distant geographic locations throughout the state, are relatively small financially as compared to the expense and burden of individual prosecution of the claims asserted in this litigation. Thus, absent the Court exercising jurisdiction over this dispute, it would not be feasible for Plaintiffs to redress the wrongs done to them in a timely and efficient manner at State Courts (which are primarily closed at present time due to the Covid-19 pandemic). It would also be grossly inefficient for the judicial system to preside over such large numbers of individual cases (thousands of delegate candidates, tens of thousands of registered voters who signed petitions, and millions of voters who are being denied the right to vote). Further, litigation presents the potential for inconsistent or contradictory judgments and would greatly magnify the delay

and expense to all parties and to the judicial system. Finally, state court action presents an opportunity for bias as the highest court in New York, the Court of Appeals, has judges appointed by the Governor. Therefore, this dispute between the Plaintiffs and the Defendant NYS BOE is most appropriately resolved through this federal court.

## FACTUAL ALLEGATIONS

### ABOUT THE COVID-19 PANDEMIC

46. The Coronavirus disease 2019 ("Covid-19 or the Coronavirus") has caused unimaginable tragedy and death. It is a serious disease caused by a virus that was first identified in Wuhan, Province, China in December 2019.

47. As of April 27, the Coronavirus has caused more than 211,000 deaths throughout the world, infecting more than 3,041,000 people throughout the world. In New York City alone, Covid-19 has caused to date more than 17,000 deaths. More than 1,600 have died in Nassau County, more than 1,100 have died in Suffolk County, more than 100 people have died in Monroe County, and there have been 24 deaths in Ulster County.

48. Due to the novel nature of Covid-19, governments have been issuing "Stay-at-home" and other orders so as to protect individuals from the spread of the disease.

49. Plaintiff's in no way by this action seek to undermine the health and safety of New York voters or election workers, but rather seek to uphold their fundamental rights under the Constitutions of the United States and the State of New York.

### ABOUT THE JUNE 23, 2020 DEMOCRATIC PRESIDENTIAL PRIMARY ELECTION

50. The New York State Democratic presidential primary was originally scheduled for April 28, 2020.

51. Each of the Plaintiffs qualified to be a candidate for this election under the requirements of the New York Election Law, Yang for the office of President of the United States, and each of the others as Delegates to the 2020 Democratic National Convention from various Congressional Districts throughout the State pledged to support Andrew Yang.

52. The party delegate selection rules are complicated, but basically allow for candidates to send delegates to the Democratic National Convention in Milwaukee (originally scheduled July 13-16, and now postponed until August 17-20 due to the Covid-19 pandemic) if such candidate receives at minimum 15% of the vote in a Congressional District. Delegates at the convention then select the nominee for the party's candidate to become the next President of the United States and help shape the party's rules and platform.

53. Each of Yang, as candidate for President, and the other Plaintiffs, as candidates for Delegates, worked tirelessly throughout the cold winter months of January and February 2020 to secure signatures from NY registered Democrats so as to secure access to ballot under the New York Election Law. All in, Yang secured more than 20,000 signatures throughout the state and each of the other delegates secured hundreds, if not thousands, of signatures working with other delegates so that they could be candidates for delegates to the convention.

54. The same applies to efforts made by campaigns for other presidential candidates and their pledged delegates.

55. The April 28, 2020 primary was then rescheduled to coincide with the June 23, 2020 federal and state elections so as to protect the safety of voters and election works during the pandemic (Executive Orders 202.12).

56. An action taken by the Governor of New York to help stop the spread of the disease was Executive Order 202.15, which provided in relevant part, allows New York voters to vote by mail if they request an absentee ballot:

- Section 8-400 of the Election Law is temporarily suspended and hereby modified to provide that due to the prevalence and community spread of COVID-19, an absentee ballot can be granted based on temporary illness and shall include the potential for contraction of the COVID-19 virus for any election held on or before June 23, 2020.
- Solely for any election held on or before June 23, 2020, Section 8-400 of the Election Law is hereby modified to allow for electronic application, with no requirement for in-person signature or appearance to be able to access an absentee ballot.

57. In other words, Executive Order 202.15 allows any NY registered voter eligible to vote on June 23, the right to apply for an absentee ballot electronically and then to vote by mail if they so choose to exercise their right.

58. On April 24, Governor Cuomo announced that he will issue another Executive Order mandating that the New York State Board of Elections automatically mail every New Yorker a postage-paid application for an absentee ballot. "We're making great progress to flatten the curve [of new cases] and decrease the spread of infection, but we don't know when this pandemic will end and we can't put democracy on hold."

59. Despite the Governors words, Defendant NYS BOE is doing worse than putting democracy on hold, it is partially cancelling democracy by cancelling the presidential primary.

60. Despite the Governor's orders, on April 27, 2020, the NY State Board of Elections, by unanimous vote of its commissioners, declared that the New York Presidential Primary

9

would be cancelled entirely, nevertheless allowing the "down ballot" federal congressional and state elections to continue.

61. By allowing the other elections to continue, and cancelling the Presidential primary, Defendant NYS BOE is:

   a. Disenfranchising millions of New York voters by not allowing them to express their preference for candidates that duly qualified for ballot access under the NY Election Law, specifically for the office of President of the United States and the party positions of Delegates to the Democratic National Convention

   b. Disenfranchising tens of thousands of New York voters that signed pursuant to the NY Election Law to nominate Yang as candidate for the office of President of the United States and the other Plaintiffs named herein for the Party position of Delegate to the Democratic National Convention;

   c. Disenfranchising hundreds of persons similar to the Plaintiffs herein who intended to run for delegate pledged to Yang or some other candidate in the NY Democratic Presidential primary;

   d. Suppressing voter turnout as voters will have less incentive to vote if they cannot cast a vote for the highest office in the land, and thereby negatively impact challenger candidates such as Herzog;

   e. Creating ambiguity for the Democratic National Convention – how will New York's 274 delegates for the national convention be chosen this summer, despite the clear rules for how promulgated by the party and the NY Election Law; and most importantly,

  **f.** Creating a bad precedent for our current President to suspend the November 2020 election as the current President can make the same argument as the Defendant, namely, that it is too dangerous to vote as no one can accurately predict when it will be 100% safe, if ever again in the future of humanity, to leave one's house, or touch an object, such as an election ballot, that could be contaminated with the Covid-19 virus.

62. Upon information and belief, despite what Commissioner and NY State Democratic Party Co-Chair Douglas A. Kellner called "frivolous" (aka allowing the presidential primary), it would be frivolous to not allow it. In other words, upon information and belief, despite there being a "presumptive nominee" it will cause chaos and confusion and irreparable harm to cancel the New York Democratic Presidential Primary.

63. On April 27, 2020, the Bernie Sanders campaign called the decision by Defendants "an outrage, a blow to American democracy" and suggested that New York should lose its delegates entirely. Sanders, like Yang did in February of this year, suspended his campaign in April but never asked for his name to be taken off the ballot.

64. Losing delegates, and losing the right to vote, is quite simply an outrage that is illegal and will cause irreparable harm to Plaintiff and New York voters. It will cause candidates like Yang and the Plaintiff delegates to lose influence at the party's convention, and the possibility, even if remote, of winning the nomination to be the candidate for President.

65. As part of Defendant's justification for cancelling the election, they cited that there are only contested "down-ballot" elections in 42 of New York's 62 counties,

and therefore in the twenty counties with no down- ballot elections, the election can be cancelled entirely, thereby minimizing the risk of spreading the novel Coronavirus.

66. The counties that do not have down-ballot elections are mostly upstate New York and represent a small fraction of total voters.

67. It is widely known that in these districts where these counties where there are no down-ballot elections, the threat of the coronavirus is less prevalent.

68. Defendant's justification based on health grounds have no legitimate logic or reason, rather it is believed they acted capriciously to favor the presumptive nominee, Joseph Biden (who has 1,305 delegates, where 1,991 are needed to win the nomination) and to suppress voter turnout in the local elections where many party-establishment would be favored by low voter turnout.

69. This action is done by emergency as the next NYS Board of Elections Commissioners meeting is not scheduled until May 27, 2020, which will not allow sufficient time for the State to prepare for the June 23 election if the April 27 decision is to be overturned by administrative action or appeal.

70. Defendant Board Co-Chairman Douglas Kellner said the primary cancellation was a "very difficult decision," but claimed state law allows for removing candidates from the ballot when they have suspended their campaigns, as Sanders and Yang have done and, further, endorsed presumptive nominee Joe Biden.

71. The Defendant acted under the color of law, but such law, if passed, violates the constitution of the United States and the constitution of the State of New York, as

it denies voters due process and denies voters the right to vote, and therefore must be invalidated removing the authority for the Defendant to take the actions complained of herein.

72. Neither Yang nor the other Plaintiffs, after working tirelessly to secure their names on the ballot, asked the Defendant to remove their names from the ballot.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**1st and 14th Amendments, U.S. Const. Amend I and XIV, 42 U.S.C. § 1983, 28 U.S.C. 2201, 2202**
**UNDUE BURDEN ON AND DENIAL OF THE RIGHT TO VOTE**

73. Plaintiffs incorporate and re-allege each allegation set forth in the preceding paragraphs of this Complaint.

74. Under the Fourteenth Amendment, "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV.

75. Defendant's April 27 decision to cancel the Presidential primary violates Plaintiffs' equal protection of the laws in that it arbitrarily denies them the rights they secured under the NY Election Law as qualified candidates. Equally, it denies them the right to cast their votes for duly qualified candidates.

76. Any law that purports to give Defendants the authority to cancel the election violates the Fourteenth Amendment.

77. The Defendant has neither a compelling interest, important interest, or even a legitimate interest for cancelling the June 23 election, especially because they are allowing other federal and state election to occur on the same date, therefore invalidating their argument that the decision was made for health and safety reasons.

78. Defendant has failed to protect the voting rights of Plaintiffs and all other similarly situated candidates and New York State voters.

79. The Defendant's decision to cancel the election will subject Plaintiff Yang and the other Plaintiffs to unequal treatment under the law, in violation of the Fourteenth Amendment to the Constitution, based on the arbitrary and capricious nature of their decision, and not based on any actual set of facts (i.e. if their decision was truly motivated for public health and safety, they would also cancel the other federal and state elections on the same date).

80. The Defendant has violated and will continue to violate the Fourteenth Amendment equal protection rights of Plaintiffs if the June 23, 2020 presidential primary election is permanently cancelled.

81. Under the *Anderson-Burdick* balancing test, a court considering a challenge to a state election law must carefully balance the character and magnitude of injury to the First and Fourteenth Amendment rights that the plaintiff seeks to vindicate against "'the precise interests put forward by the State as justifications for the burden imposed by its rule,' taking into consideration 'the extent to which those interests make it necessary to burden the plaintiff's rights.'" See Burdick v. Takushi, 504 U.S. 428, 434 (1992) (quoting Anderson v. Celebrezze, 460 U.S. 780, 789 (1983)).

82. Because of the COVID-19 pandemic, it is reasonable to take precautions to allow for safe voting, but such decisions cannot arbitrarily pertain to some elections and not others.

83. Defendants cannot provide any colorable justification as to why they cancelled the presidential primary and not other federal or state primaries. By doing so, Defendants are attempting to create a dangerous precedent.

84. By allowing voters to vote absentee by mail, it is not sufficient for Defendants to argue that by cancelling elections entirely in twenty counties where there are no federal or state primaries on June 23, where the threat of the novel Coronavirus is minimal as compared to the other 42 more densely populated districts where federal and state elections will still take place.

85. It is clear Defendant's action to cancel the presidential primary is an ill-conceived political decision, rather than a rational decision to protect voter and worker health and safety (especially given that everyone can vote by mail due to Covid-19).

86. In summary, the challenged law (granting Defendants authority to act) and the challenged decision by Defendant to cancel the election, as applied to and during the extraordinary conditions of the COVID-19 pandemic, are unconstitutional infringements upon the voting rights of Plaintiffs, un-supported by a state interest sufficient to justify the resulting burdens on the right to vote, and thus, these laws violate the First and Fourteenth Amendments.

## SECOND CAUSE OF ACTION

### 14th Amendments, U.S. Const. Amend XIV, 42 U.S.C. § 1983
### DENIAL OF PROCEDURAL DUE PROCESS

87. Plaintiffs incorporate and re-allege each allegation set forth in the preceding paragraphs of this Complaint.

88. The Due Process Clause of the United States Constitution prohibits the states from depriving "any person of . . . liberty . . . without due process of law." U.S. CONST. amend. XIV, § 1. Determining which protections are due in a given case requires a careful analysis of the importance of the rights and the other interests at stake. See Mathews v. Eldridge, 424 U.S. 319, 334–35 (1976); Nozzi v. Hous. Auth. of City of

L.A., 806 F.3d 1178, 1192 (9th Cir. 2015). Courts must first consider "the nature of the interest that will be affected" by the government's action as well as the "degree of potential deprivation that may be created" by existing procedures. Nozzi, 806 F. 3d at 1192–93. Second, "courts must consider the 'fairness and reliability' of the existing procedures and the 'probable value, if any, of additional procedural safeguards.'" Id. at 1193 (quoting Mathews, 424 U.S. at 343). Finally, courts must consider "the public interest, which 'includes the administrative burden and other societal costs that would be associated with' additional or substitute procedures. Id. (quoting Mathews, 424 U.S. at 347). Overall, "due process is flexible and calls for such procedural protections as the particular situation demands." Mathews, 424 U.S. at 334, (quotation and citation omitted).

89. Defendants action, maintaining some elections and cancelling Plaintiff's, must comport with due process, which it is does not.

90. "When an election process 'reache[s] the point of patent and fundamental unfairness,' there is a due process violation." Fla. State Conference of N.A.A.C.P. v. Browning, 522 F.3d 1153, 1183 (11th Cir. 2008) (quoting Roe v. Alabama, 43 F.3d 574, 580 (11th Cir. 1995))

91. Cancelling Plaintiff's election, but allowing others to occur on the same day, it is clear Defendant's action is fundamentally unfair and unjust and illegal. The nature of the interest at stake in this case, namely the right to vote and to have that vote count, is the most sacred liberty interest of all because it preserves all other basic civil, human, economic and political rights.

92. But the challenged law enabling the Defendants to act (NY's State Budget Law) and the challenged decision of the Defendant's on April 27, 2020 threaten to deprive Plaintiffs and all New York voters of this right. Considering the tragedy and risk presented by the novel Corornavirus, Defendants must take caution, as they nonetheless have by allowing voters to cast their ballots in the June 23, 2020 election by mail, but the challenged law and action by Defendant, as applied under the extraordinary conditions of the COVID-19 pandemic, are entirely inadequate in all other respects in that they cancelled Plaintiff's election but not others, and allowing the presidential primary to continue and coincide with other federal and state elections scheduled for the same would protect voters' and Plaintiff's rights with minimal burden to the State, the challenged laws violate Plaintiff's procedural due process rights.

### THIRD CAUSE OF ACTION

### NY STATE DUE PROCESS, RIGHT TO VOTE, DENIAL OF PROCEDURAL DUE PROCESS
### New York State, Constitution1821, Article 2

93. Plaintiffs incorporate and re-allege each allegation set forth in the preceding paragraphs of this Complaint.

94. The challenged law and the action by Defendants violate Plaintiff's rights under the New York Constitution under Article II.

95. Defendant actions violate Plaintiff's right to vote, and provide no justifiable reason to allow the election for certain representatives in government (congressional, State Senate, State Assembly) and not others, arguably more important (Presidential).

96. Defendants' actions are arbitrary and whimsical and provide no justification or valid reason.

97. Moreover, Defendant has violated Plaintiff's due process rights under the New York State Constitution, as amended.

## FOURTH CAUSE OF ACTION

### Declaratory Judgment

### 28 U.S.C. §§ 2201, 2202

### Lack of Authority for Defendants to Act

98. Plaintiffs incorporate and re-allege each allegation set forth in the preceding paragraphs of this Complaint.

99. Defendants action denies Plaintiff's their most basic and important right as Americans: participating in democratic elections.

100. Defendant's action defies logic and valid reason as it allows certain elections to continue, while cancelling Plaintiffs' election, which is fundamentally unjust.

101. Plaintiffs therefore seek a declaration from this Court that Defendants not only do not have the authority to cancel the Presidential primary given the extraordinary circumstances, but have a duty to maintain the election to simultaneously protect both the right to vote for Plaintiff's and the right for Plaintiff's to appear as candidates on the June 23 ballot.

102. Plaintiffs request this extraordinary remedy for the June 23 election, considering the unprecedented emergency caused by COVID-19 pandemic and how it is being dealt with for elections occurring on the same date, that Plaintiff's rights, the unequivocal right to vote, the right for due process and equal protection under the law, must be enforced and upheld in an indiscriminatory and non-arbitrary manner.

## **REQUESTS FOR RELIEF**

WHEREFORE, Plaintiff and pray that this Honorable Court grant the following relief:

a. That the Court determine that this action may be maintained under Rule 65(b) of the Federal Rules of Civil Procedure;

b. On Plaintiffs' first cause of action for violations of the 1st and 14th Amendments of the U.S. Constitution, actual or statutory damages, whichever is greater, as the Court deems appropriate in an amount to be determined at trial;

c. On Plaintiffs' second cause of action for denial of Plaintiff's right to procedural due process under the 14th Amendments of the U.S. Constitution, actual or statutory damages, whichever is greater, as the Court deems appropriate in an amount to be determined at trial;

d. On Plaintiffs' third cause of action for denial of Plaintiff's right to procedural due process and right to vote under the NY State Constitution, actual or statutory damages, whichever is greater, as the Court deems appropriate in an amount to be determined at trial;

e. On Plaintiff's first through fourth causes of action, an order enjoining Defendants from cancelling the New York Democratic Presidential Primary on June 23 and reinstating the same;

f. Costs for this action; and

g. That the Court use its inherent powers to grant such other and further relief as it deems just and proper at law and in equity to vindicate the claims brought forth in this action by Plaintiffs;

Dated: April 28, 2011

                                                                   Respectfully submitted,

By: /s/ Jeffrey M. Kurzon
Jeffrey Mead Kurzon, Esq.
Bar No. JM3388
Jeff@Kurzon.com

**KURZON KOHEN LLP**
305 Broadway, FL 7
New York, NY 10007
Phone: 212-203-8918
www.Kurzon.com
Attorneys for Plaintiffs