

40 NORTH PEARL STREET, SUITE 5
ALBANY, N.Y. 12207-2109

**Douglas A. Kellner**
**Co-Chair**

April 29, 2020

Hon. Analisa Torres
United States District Judge
*By ECF*

<u>Andrew Yang et al. v. New York State Board of Elections, 20 cv 3325 (AT)</u>

Dear Judge Torres:

I serve as Co-Chair and Commissioner of the New York State Board of Elections. I write to urge you to modify the schedule for ruling on plaintiffs' application for a mandatory injunction that would have an enormous impact on the primary elections scheduled for June 23, 2020. Perhaps the greatest lesson we have learned from the recent primary election in Wisconsin is that last minute court rulings can have an incredible impact on the conduct of elections, and in the case of the current pandemic, can endanger lives.

The New York State Board of Elections has notified the office of the New York Attorney General to request representation. Because of the time urgency, however, I write before they have been able to process our request. We believe that the complaint lacks any merit, especially because it fails to refer to the applicable New York Election Law provisions or the actual resolution adopted by the commissioners. To put it simply, New York Election Law § 2-122-a (13) provides that:

> if a candidate for office of the president of the United States…publicly announces that they are no longer seeking the nomination for the office of president of the United States, or if the candidate announces that they are terminating or suspending their campaign, or if the candidate sends a letter to the state board of elections indicating they no longer wish to appear on the ballot, the state board of elections may determine…that the candidate is no longer eligible and omit said candidate from the ballot; …

As the resolution, attached as Exhibit A, indicates, plaintiff Andrew Young and nine other candidates for the Democratic nomination for President were removed from the ballot because they had suspended their campaigns. Plaintiffs' complaint acknowledges that Andrew Young had suspended his campaign.

New York Election Law § 6-160(2), which applies to all party primary elections in New York, provides that when there is only one candidate on the ballot that candidate

"shall be deemed nominated…without balloting." Plaintiffs' complaint entirely ignores the applicable statute.

There are other defenses that warrant dismissal of the complaint. For example, the Eleventh Amendment bars lawsuits in federal court against the state, which includes the State Board of Elections, a state agency. *See Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89 (1984). This jurisdictional bar applies to injunctive as well as monetary relief. *Id*. at 100; *see also Ashe v. Bd. of Elections of City of New York*, No. CV-88-1566, 1988 WL 95427, at *2 (E.D.N.Y. Sept. 8, 1988). Plaintiffs have failed to exhaust their remedies in state court. Plaintiff Andrew Yang cannot show any harm or injury given his acknowledged suspension of his campaign and his public endorsement of Joe Biden.[1] *See Liberty Legal Found. v. Nat'l Democratic Party of the USA*, 875 F. Supp. 2d 791, 800-01 (W.D. Tenn. 2012) (finding no injury where "the pleadings made no showing of any attempt to comply with state ballot access procedures); *see also Timmons v. Twin Cities Area New Party*, 520 U.S. 351, 358 (1997) (if the State imposes "reasonable, non-discriminatory restrictions on these rights . . . the state's important regulatory interests will generally be sufficient to justify the regulations." I., 108 F.3d at 773, citing *Burdick v. Takushi*, 504 U.S. 428, 434 (1992).

But the purpose of this letter is not to argue the merits of plaintiffs' application, but to urge the Court that any relief other than denial of the motion as late as May 12 would be virtually impossible to implement without repeating the chaos that so marred voting in the recent Wisconsin primary.

The State Board of Elections certified the ballots for the June 23 primary yesterday and tomorrow is the deadline for the county boards to certify their ballots. There are a substantial number of localities in the state where there are no primary elections, so they are not taking the extraordinary steps needed to recruit poll workers and to open poll sites during the pandemic. The county boards will begin printing ballots next week to meet the May 9 deadline for sending absentee ballots to military and overseas voters. These are just some of the logistical hurdles for conducting a primary election, made even more difficult by the new procedures necessary to implement the Governor's executive orders to address the pandemic.

For all of these reasons, we request that you modify the schedule for briefing and argument of plaintiffs' application to no later than Monday, May 4, 2020.

Respectfully submitted,


Douglas A. Kellner
Co-Chair

---

[1] https://www.cnn.com/videos/politics/2020/03/11/andrew-yang-biden-endorsement-on-air-vpx.cnn (accessed April 29, 2020)



## Resolution Related to Determination of Publicly Suspended Presidential Campaigns Pursuant to Section 2-122(a) of the Election Law

**WHEREAS,** *pursuant to Election Law § 2-122-a, eleven designating petitions were filed with the State Board of Elections designating eleven candidates for the Democratic Presidential primary; and*

**WHEREAS,** *numerous candidates for delegates pledged to certain presidential candidates also filed designating petitions with the State Board of Elections or applicable local board of elections; and*

**WHEREAS,** *since the filing of these petitions, ten presidential candidates have publicly announced that they are no longer seeking the nomination for the office of president of the United States, or that they are terminating or suspending their campaign; and*

**WHEREAS**, *Election Law § 2-122-a (13) provides that: "if a candidate for office of the president of the United States...publicly announces that they are no longer seeking the nomination for the office of president of the United States, or if the candidate announces that they are terminating or suspending their campaign, or if the candidate sends a letter to the state board of elections indicating they no longer wish to appear on the ballot, the state board of elections may determine...that the candidate is no longer eligible and omit said candidate from the ballot; provided, however, that for any candidate of a major political party, such determination shall be solely made by the commissioners of the state board of elections who have been appointed on the recommendation of such political party or the legislative leaders of such political party, and no other commissioner of the state board of elections shall participate"; and*

**WHEREAS**, *Election Law § 2-122-a (14) provides that if the presidential candidate is removed from the ballot, the delegates pledged to such candidates are likewise removed from the ballot; and*

**WHEREAS**, *pursuant to Election Law § 3-100; the Commissioners adopting this resolution are the appointed Democratic commissioners and, as such, are authorized to determine that a presidential candidate for the Democratic nomination is no longer eligible as a designated candidate.*

**NOW THEREFORE BE IT RESOLVED:** *that, pursuant to the public declarations made by the relevant presidential candidates, the following candidates are no longer eligible as a designated Democratic Primary candidate, and their names shall be omitted from the Democratic Primary ballot:*

*Michael Bennet*

*Michael R. Bloomberg*

*Pete Buttigieg*

*Tulsi Gabbard*

*Amy Klobuchar*

*Deval Patrick*

*Bernie Sanders*

*Tom Steyer*

*Elizabeth Warren*

*Andrew Yang.*

**Resolution Adopted April 27, 2020**

**Douglas A. Kellner, Co-Chair and Commissioner**

**Andrew Spano, Commissioner**