

100 Wall Street
20th Floor
New York, NY 10005

Main: 212.431.8700
Fax: 212.334.1278
foster.com

Direct Phone: 212.965.4533
malcolm.seymour@foster.com

April 26, 2020

**VIA EMAIL**   douglas.kellner@elections.ny.gov
andrew.spano@elections.ny.gov
robert.brehm@elections.ny.gov

Douglas Kellner, Co-Chair
Andrew Spano, Commissioner
Robert Brehm, Co-Executive Director
New York State Board of Elections
40 North Pearl Street, Suite 5
Albany, NY 12207-2729

Re:   Determination of Publicly Suspended Campaigns Pursuant to § 2-122-A

Dear Sirs:

Our firm serves as outside counsel to the 2020 presidential campaign of Senator Bernie Sanders (the "Campaign").  We understand that the Campaign will not have an opportunity to present at tomorrow's meeting of Commissioners to determine whether Senator Sanders will remain on the ballot for the June 23, 2020 Presidential Primary (the "Primary").  In lieu of our live participation, we respectfully submit this letter for your consideration, and to document the Senator's position on the official record: Senator Sanders wishes to remain on the ballot, and is concerned that his removal from the ballot would undermine efforts to unify the Democratic Party in advance of the general election.

Senator Sanders has duly qualified for placement on the Primary ballot as a candidate for the Democratic nomination to the office of President of the United States.  To get him on the ballot, the Campaign mobilized a vast network of volunteer circulators across New York's 27 congressional districts, gathering nearly 60,000 signatures for Senator Sanders and his 184 authorized pledged delegates.  Before and after the petitioning process, the Campaign worked tirelessly in New York to conduct voter outreach and organizing initiatives.

On April 8, 2020, Senator Sanders announced the limited suspension of his presidential campaign,[1] emphasizing that he intended to remain on the ballot in upcoming primaries, gather delegates, and attend the Democratic National Convention, with an eye to influencing the party's

---

[1] Announcement available at https://youtu.be/TnRivUNrobA?t=1908 (31:48 minute mark).

FG:10939866.2

platform.[2] Unlike most of the other major candidates who have conceded in this year's Democratic primary,[3] Senator Sanders has not officially terminated his candidacy with the Federal Election Commission.

On April 13, 2020, five days after announcing the suspension of his campaign, Senator Sanders endorsed Vice President Joe Biden, the likely Democratic nominee. Vice President Biden welcomed Senator Sanders' announcement, his endorsement, and his plan to continue collecting delegates for purposes of the Convention.[4] In statements to the press, one Biden campaign official confirmed, "[w]e feel strongly that it is in the best interest of the party to ensure that the Sanders campaign receives statewide delegates to reflect the work that they have done to contribute to the movement that will beat Donald Trump this fall."[5]

It was also on April 13 that Governor Cuomo signed into law Senate Bill S7506B, an omnibus appropriations bill that added the following provision to the New York Election Law:

> Notwithstanding any inconsistent provision of law to the contrary, prior to forty-five days before the actual date of a presidential primary election, <u>if a candidate for office of the president of the United States who is otherwise eligible to appear on the presidential primary ballot</u> to provide for the election of delegates to a national party convention or a national party conference in any presidential election year, publicly announces that they are no longer seeking the nomination for the office of president of the United States, or if the candidate <u>publicly announces that they are terminating or suspending their campaign</u>, or if the candidate sends a letter to the state board of elections indicating they no longer wish to appear on the ballot, <u>the state board of elections may determine by such date that the candidate is no longer eligible and omit said candidate from the ballot</u>; provided, however, that <u>for any candidate of a major political party, such determination shall be solely made by the commissioners of the state board of elections who have been appointed on the recommendation of such political party or the legislative leaders of such political party</u>, and no other commissioner of the state board of elections shall participate in such determination.

N.Y. Election Law § 2-122-A(13) (emphasis added). Several features of this new law warrant further discussion.

**First**, the law authorizes the Commissioners to remove a presidential candidate from the Primary ballot only if she or he "is otherwise eligible to appear" on that ballot. To the extent the Board is

---

[2] See https://youtu.be/TnRivUNrobA?t=2055 (34:15 minute mark).
[3] Collated in "Appendix A" are true and correct copies of FEC Form 99 filings by Senator Cory Booker (Jan. 13, 2020), Senator Kamala Harris (Feb. 19, 2020), Senator Amy Klobuchar (March 3, 2020), Senator Elizabeth Warren (March 5, 2020), and Tom Steyer (March 10, 2020), formally terminating their candidacies.
[4] *See* Tal Axelrod, "Biden campaign seeks to let Sanders keep his delegates in unusual move," The Hill (April 17, 2020), available at https://thehill.com/homenews/campaign/493454-biden-campaign-seeks-to-let-sanders-keep-his-delegates-in-unusual-move.
[5] Id.

Recipient Name
April 26, 2020
Page 3

contemplating Senator Sanders' removal from the Primary ballot under this provision, it is acknowledging that he has satisfied all other requirements, and is "otherwise eligible" to appear on the ballot.

**Second**, the law is written in the present tense: it applies "if the candidate publicly announces," and not "if the candidate has publicly announced." This is significant because conduct-regulating statutes such as this one are presumed not to apply retroactively unless the legislature clearly signals that they should reach past conduct:

> [A]pplication of a new statute to conduct that has already occurred may, but does not necessarily, have 'retroactive' effect upsetting reliance interests and triggering fundamental concerns about fairness. . . . A statute has retroactive effect if 'it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed,' thus impacting 'substantive' rights. . . .
>
> In light of these concerns, "[i]t takes a clear expression of the legislative purpose ... to justify a retroactive application" of a statute, which "assures that [the legislative body] itself has affirmatively considered the potential unfairness of retroactive application and determined that it is an acceptable price to pay for the countervailing benefits." . . . The expression of intent must be sufficient to show that the Legislature contemplated the retroactive impact on substantive rights and intended that extraordinary result. Even within the same legislation, language may be sufficiently clear to effectuate application of some amendments to cases arising from past conduct but not others with more severe retroactive effect.

*Regina Metropolitan Co., LLC v. New York State Division of Housing and Community Renewal*, -- N.E. 3d ---, 2020 WL 1557900, at *10-11 (N.Y., April 2, 2020) (*quoting Landgraf v. USI Film Prods.*, 511 U.S. 244, 144 S.Ct. 1483, 128 L.Ed.2d 229 (U.S. 1994); *Gleason v. Gleason*, 26 N.Y.2d 28, 36 (N.Y. 1970)) (internal citations omitted).

The retroactive application of § 2-122-A(13) would severely impact Senator Sanders' core substantive rights. Invoking this provision against him would subject him to the prospect of involuntary ballot removal, notwithstanding his publicly stated desire to remain a candidate, and his satisfaction of all legal prerequisites for ballot access. Because of the severity of this potential deprivation, the presumption against retroactive application must operate with maximum force

Section 2-122-A(13) was not on the books when Senator Sanders announced the partial suspension of his campaign. He had no opportunity conform his conduct (by exploring alternatives to formal "suspension") to avoid adverse application of this new provision. The presumption against retroactive application dictates that, if the legislature truly intends to deprive a candidate of political rights by surprise and without prior notice, it must clearly say so. Because the statute here does not clearly state that it applies to announcements made before the law's passage, the presumption is not overcome. The law should not be interpreted to apply to announcements made prior to April 13.

Recipient Name<br>
April 26, 2020<br>
Page 4

**Third**, the statute confers discretion on the Board to determine whether, under the circumstances of a particular candidacy, ballot removal is in fact appropriate. The legislature would not have given the Board this discretion if the legislature had not anticipated that situations would arise in which a candidate's removal would be improper.

This is clearly one such situation – Senator Sanders has publicly stated that he wishes to remain a candidate and has formally objected to his removal. Neither Vice President Biden, nor the New York State Democratic Party, nor the Democratic National Committee has asked the Board to dishonor the Senator's wishes. Nobody wants Senator Sanders removed from the ballot. His involuntary erasure from the ballot, on grounds of a law that was not in effect when he announced his campaign's limited suspension, would sow needless strife and distrust, impeding Senator Sanders' efforts to unify the Democratic Party in advance of November elections.

**Fourth**, by entrusting this decision to the two Commissioners appointed at the recommendation of the New York State Democrats, the statute acknowledges the centrality of the party's prerogative to this determination. Primary elections were the creations of the parties themselves, they continue to operate by rules left largely to the design of the parties, and they exist to serve the parties' interests in self-governance.

Removing Senator Sanders from the ballot would undermine the Democratic Party's interest in self-governance and unification. Senator Sanders has complied with the state party's Delegate Selection Plan and with the national party's Delegate Selection Rules. The party's rules do not permit, much less require, his involuntary removal from the ballot because of a public announcement of campaign suspension. Nor has the party itself requested his removal.

Senator Sanders has collaborated with state parties, the national party and the Biden campaign, to strengthen the Democrats by aligning the party's progressive and moderate wings. His removal from the ballot would hamper those efforts, to the detriment of the party in the general election. The Board should exercise its discretion to avoid such interference.

Senator Sanders respectfully requests that the Board either: (1) determine as a matter of law that § 2-122-A does not apply to announcements of campaign suspension made prior to April 13, 2020, the date of the law's enactment; or (2) exercise its discretion to keep Senator Sanders on the Primary ballot, in the interest of party unification.

> Best regards,
>
> FOSTER GARVEY, P.C.
>
> By: /s/ Malcolm Seymour
>       Malcolm Seymour

cc:    Jeff Weaver (jeffweaver@berniesanders.com)
        Matt Berg, Esq. (mattberg@berniesanders.com)

# **APPENDIX A**

Miscellaneous Electronic Submission (Form 99)

| | |
|---|---|
| NAME OF COMMITTEE (In Full)<br>Cory 2020 | FEC IDENTIFICATION NUMBER<br>C00695510 |

Mailing Address  PO Box 32009

| City | State | ZIP Code |
|---|---|---|
| Newark | NJ | 07102 |

As of January 13, 2020, Senator Cory Booker is no longer a candidate in the 2020 primary election for President of the United States. He will no longer seek nomination or election to the office of President of the United States, and has ceased to conduct campaign activities with respect to the aforementioned election, with the exception of the retirement of campaign debt in accordance with Federal Election Commission regulations.

***

| NAME OF COMMITTEE (In Full) | FEC IDENTIFICATION NUMBER |
|---|---|
| Kamala Harris for the People | C00694455 |

Mailing Address  PO Box 811972

| City | State | ZIP Code |
|---|---|---|
| Los Angeles | CA | 90081 |

Pursuant to 11 CFR Section 104.5, this shall serve as notification that Kamala Harris for the People will file quarterly during the 2020 calendar year since Senator Kamala D. Harris is no longer a candidate for President of the United States.

| NAME OF COMMITTEE (In Full) | FEC IDENTIFICATION NUMBER |
|---|---|
| Amy for America | C00696419 |

Mailing Address  PO Box 18360

| City | State | ZIP Code |
|---|---|---|
| Minneapolis | MN | 55418 |

Campaign Finance Analyst Reports
Analysis Division Federal Election Commission
999 E Street NW
Washington, DC 20463

Re: Amy for America
FEC ID No. C00696419

Dear Federal Election Commission:

As of March 3, 2020, Senator Amy Klobuchar is no longer a candidate in the 2020 primary election for President of the United States. She will no longer seek nomination or election to the office of President of the United States, and has ceased to conduct campaign activities with respect to the aforementioned election.

Sincerely,

Samuel Clark
Treasurer
Amy for America

Miscellaneous Text (for 97-: cfa --Ł)

NAME OF COMMITTEE (In Full)
Tom Steyer 2020

FEC IDENTIFICATION NUMBER
C00711614

Mailing Address   PO Box 626

City
San Francisco

State
CA

ZIP Code
94104

As of February 29, 2020, Tom Steyer is no longer a candidate in the 2020 primary election for President of the United States. He will no longer seek nomination or election to the office of President of the United States, and has ceased to conduct campaign activities with respect to the aforementioned election.

***********************************************************************************************************************************************

| | |
|---|---|
| NAME OF COMMITTEE (In Full) <br> Warren for President, Inc. | FEC IDENTIFICATION NUMBER <br> C00693234 |

Mailing Address: 124 Washington Street
Suite 101

City: Foxboro
State: MA
ZIP Code: 02035

As of March 5, 2020, Senator Elizabeth Warren is no longer a candidate in the 2020 primary election for President of the United States. She will no longer seek nomination or election to the office of President of the United States, and has ceased to conduct campaign activities with respect to the aforementioned election, with the exception of the retirement of campaign debt in accordance with Federal Election Commission regulations.