IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------- X
ANDREW YANG, JONATHAN HERZOG, HELLEN SUH,
BRIAN VOGEL, SHLOMO SMALL, ALISON HWANG,
KRISTEN MEDEIROS, and DR. ROGER GREEN,
individually and on behalf of all others similarly situated,

                        *Plaintiffs,*                        20-cv-3325 (AT)

                        and

GEORGE ALBRO, PENNY MINTZ, JAY BELLANCA,
TRACI STRICKLAND, EMILY ADAMS, NESTOR MEDINA,
SIMRAN NANDA, KATHRYN LEVY, JOSHUA
SAUBERMAN, CARI GARDNER, STEPHEN CARPINETA,
NANCY DEDELVA, and TING BARROW,

                        *Intervenor-Plaintiffs,*

                        v.

DOUGLAS KELLNER and ANDREW SPANO,
As Commissioners of the New York State Board of Elections,
and the NEW YORK STATE BOARD OF ELECTIONS,

                        *Defendants.*
------------------------------------------------------------------------------- X

## COMPLAINT IN INTERVENTION

Intervenor-Plaintiffs, by way of this Complaint in Intervention against Defendants Douglas Kellner and Andrew Spano, state and allege as follows:

## INTRODUCTION

1. By this Complaint in Intervention Plaintiffs-Intervenors, all of who were delegate candidates whose names were to have appeared on the New York State Presidential Primary ballot as supporters of Bernie Sanders seek to address the issues raised in the Second Amended Compliant filed by Presidential candidate Andrew Yang and several of his delegate candidates, and raise additional issues arising out of the cancellation of the June 23, 2020 Presidential

Primary by Defendants Douglas Kellner and Andrew Spano, who are the Democratic Party-affiliated Commissioners on the New York State Board of Elections.  Defendants Kellner and Spano took their action pursuant to authority granted to them in a provision in New York State's Budget Bill signed into law on April 3, 2020.

2.  Plaintiffs-Intervenors make several contentions.  First they contend that the legislation enacted on April 3, 2020 was unconstitutional on its face, both under the Federal and the State Constitutions.  Second they contend that, even if it was constitutional, it was applied to Bernie Sanders and the delegates pledged to him in a manner which violated those delegates First and 14th Amendment Constitutional rights, their NY State Constitutional Right to free speech, and the right of voters to free speech as should have been expressionable in the now-cancelled primary election.  Finally, the Intervenor-Plaintiffs assert that even if Defendants Kellner and Spano did not act in violation of the Constitution, they acted arbitrarily and capriciously.

**PARTIES**

3.  Plaintiff GEORGE ALBRO is a registered Democrat residing in Kings County, NY, and who as of February 6, 2020 qualified for and was placed on the NY Presidential Primary ballot by the NY State and NYC Boards of Elections as a Democratic National Convention Delegate candidate pledged to Presidential Candidate Bernie Sanders in Congressional District 9 (CD9) after filing the number of signatures of Democratic Party enrollees in CD9 with the NYC Board of Elections.  He has not declined that candidacy.  He is also, at all times, qualified to vote in the Democratic Presidential Primary which had been scheduled to be held on June 23, 2020.  He is also an elected member of the Kings County Democratic Committee from the 52 Assembly District (AD).

4. Intervenor-Plaintiff JAY BELLANCA is a registered Democrat residing in Washington County, NY, and who as of February 6, 2020 qualified for and was placed on the NY

5. Intervenor-Plaintiff JAY BELLANCA is a registered Democrat residing in Presidential Primary ballot by the NY State Board of Elections as a Democratic National Convention Delegate candidate pledged to Presidential Candidate Bernie Sanders in CD21 after Washington County, NY, and who as of February 6, 2020 qualified for and was placed on the NY Presidential Primary ballot by the NY State Board of Elections as a Democratic National Convention Delegate candidate pledged to Presidential Candidate Bernie Sanders in CD21 after filing the number of signatures of Democratic Party enrollees in CD21 with the NYS Board of Elections.  He is also, at all times, qualified to vote in the Democratic Presidential Primary which had been scheduled to be held on June 23, 2020.He has not declined that candidacy.  He is also an elected member of the NY State Democratic Committee from the 103rd AD.

6. Intervenor-Plaintiff TRACI STRICKLAND is a registered Democrat residing in KIngs County, NY, and who as of February 6, 2020 qualified for and was placed on the NY Presidential Primary ballot by the NY State and NYC Boards of Elections as a Democratic National Convention Delegate candidate pledged to Presidential Candidate Bernie Sanders in CD7 after filing the number of signatures of Democratic Party enrollees in CD7 with the NYC Board of Elections.  She is also, at all times, qualified to vote in the Democratic Presidential Primary which had been scheduled to be held on June 23, 2020.  She has not declined that candidacy.  She is also member of the Kings County Democratic Committee from the 51st Assembly District (AD).

7. Intervenor-Plaintiff EMILY ADAMS is a registered Democrat residing in Tompkins County, NY, and who as of February 6, 2020 qualified for and was placed on the NY

3

Presidential Primary ballot by the NY State Boards of Elections as a Democratic National Convention Delegate candidate pledged to Presidential Candidate Bernie Sanders in CD23 after filing the number of signatures of Democratic Party enrollees in CD23 with the NYS Board of Elections. She is also, at all times, qualified to vote in the Democratic Presidential Primary which had been scheduled to be held on June 23, 2020. He has not declined that candidacy. She is also an elected member of the NY State Democratic Committee from the 125th AD.

8. Intervenor-Plaintiff NESTOR MEDINA is a registered Democrat residing in New York County, NY, and who as of February 6, 2020 qualified for and was placed on the NY Presidential Primary ballot by the NY State and NYC Boards of Elections as a Democratic National Convention Delegate candidate pledged to Presidential Candidate Bernie Sanders in CD10 after filing the number of signatures of Democratic Party enrollees in CD10 with the NYC Board of Elections. He is also, at all times, qualified to vote in the Democratic Presidential Primary which had been scheduled to be held on June 23, 2020. He has not declined that candidacy.

9. Intervenor-Plaintiff SIMRAN NANDA is a registered Democrat residing in Washington County, NY, and who as of February 6, 2020 qualified for and was placed on the NY Presidential Primary ballot by the NY State Board of Elections as a Democratic National Convention Delegate candidate pledged to Presidential Candidate Bernie Sanders in CD3 after filing the number of signatures of Democratic Party enrollees in CD3 with the NYS Board of Elections. He is also, at all times, qualified to vote in the Democratic Presidential Primary which had been scheduled to be held on June 23, 2020. She has not declined that candidacy. She is also an elected member of the Nassau County Democratic Committee from the 13th AD.

10.     Intervenor-Plaintiff KATHRYN LEVY is a registered Democrat residing in Suffolk County, NY, and who as of February 6, 2020 qualified for and was placed on the NY Presidential Primary ballot by the NY State and Suffolk County Boards of Elections as a Democratic National Convention Delegate candidate pledged to Presidential Candidate Bernie Sanders in CD1 after filing the number of signatures of Democratic Party enrollees in CD1 with the Suffolk County Boards of Elections. He is also, at all times, qualified to vote in the Democratic Presidential Primary which had been scheduled to be held on June 23, 2020. She has not declined that candidacy. She is also an elected member of the Suffolk County Democratic Committee and the Southampton Town Democratic Committee.

11.     Intervenor-Plaintiff JOSHUA SAUBERMAN is a registered Democrat residing in Queens County, NY, and who as of February 6, 2020 qualified for and was placed on the NY Presidential Primary ballot by the NY State Board of Elections as a Democratic National Convention Delegate  candidate pledged to Presidential Candidate Bernie Sanders in CD3 after filing the number of signatures of Democratic Party enrollees in CD3 with the NYS Board of Elections. He is also, at all times, qualified to vote in the Democratic Presidential Primary which had been scheduled to be held on June 23, 2020. He has not declined that candidacy.

12.     Intervenor-Plaintiff CARI GARDNER is a registered Democrat residing in Greene County, NY, and who as of February 6, 2020 qualified for and was placed on the NY Presidential Primary ballot by the NY State Boards of Elections as a Democratic National Convention Delegate candidate pledged to Presidential Candidate Bernie Sanders in CD19 after filing the number of signatures of Democratic Party enrollees in CD19 with the NYS Board of Elections. She is also, at all times, qualified to vote in the Democratic Presidential Primary which had been

scheduled to be held on June 23, 2020. She has not declined that candidacy. She is also an elected member of the Greene County Democratic Committee.

13. Intervenor-Plaintiff STEPHEN CARPINETA is a registered Democrat residing in Tioga County, NY, and who as of February 6, 2020 qualified for and was placed on the NY Presidential Primary ballot by the NY State Board of Elections as a Democratic National Convention Delegate candidate pledged to Presidential Candidate Bernie Sanders in CD23 after filing the number of signatures of Democratic Party enrollees in CD23 with the NYS Board of Elections. He is also, at all times, qualified to vote in the Democratic Presidential Primary which had been scheduled to be held on June 23, 2020. He has not declined that candidacy. He is also an elected member of the Tioga County Democratic Committee and the elected Chair of the Tioga Town Democratic Committee.

14. Intervenor-Plaintiff NANCY de DELVA is a registered Democrat residing in Queens County, NY, and who as of February 6, 2020 qualified for and was placed on the NY Presidential Primary ballot by the NY State and NYC Boards of Elections as a Democratic National Convention Delegate candidate pledged to Presidential Candidate Bernie Sanders in CD5 after filing the number of signatures of Democratic Party enrollees in CD5 with the NYC Board of Elections. She is also, at all times, qualified to vote in the Democratic Presidential Primary which had been scheduled to be held on June 23, 2020. She has not declined that candidacy.

15. Defendant DOUGLAS KELLNER is a Democratic Party affiliated Commissioner and Co-Chair of the New York State Board of Elections. He has held that position since 2005. He is a resident of New York County. The New York State Board of Elections implements state-wide regulations and defines the state's election policies, and certifies candidacies of candidates whose

districts cover one or more county. This can include statewide candidacies, such as a candidacy for Presidential nominee of a party, and delegates to the Democratic National Convention whose districts cover one or more counties.

16. Defendant ANDREW SPANO is a Democratic Party Affiliated Commissioner of the New York State Board of Elections, having been appointed to that position by Governor Andrew Cuomo in 2017.

## JURISDICTION AND VENUE

17. This is an Action in Intervention in the above-captioned suit as filed by Plaintiff Andrew Yang et al.

18. This Court has federal question jurisdiction of the original action and of Intervenor-Plaintiff's action under 42 U.S.C. § 198 and 28 U.S.C. § 1331.

19. Declaratory relief in both actions is available pursuant to 28 U.S.C. §§ 2201 and § 2202.

20. The Court has ancillary jurisdiction over Plaintiff's and Intervenor-Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

21. Venue is proper in this district for both actions pursuant to 28 U.S.C. § 1391, as certain of the Plaintiffs live in this district and the acts and transactions that give rise to this action occurred, in substantial part, in this district.

22. Venue is also proper in this district in both actions under 28 USC Section 1391, because Defendants transact business in this District and the wrongful acts alleged herein had their wrongful effect or otherwise caused harm in this District.

23. This Complaint in Intervention is submitted only pursuant to order of this Court, if the Court grants the Motion for Intervention under FED. R. CIV. P. 24 filed by Intervenor-Plaintiffs in this Action, to which this Complaint in Intervention is attached as an Exhibit.

24. This Complaint incorporates the Second Amended Complaint of Plaintiffs Andrew Yang herein in its entirety to the extent any of the allegations there are relevant to Intervenor-Plaintiffs, and adopts such allegations as its own.

25. Intervenor-Plaintiffs have standing to bring this Complaint in Intervention because they have been, and continue to be, adversely affected by the Defendants' order canceling the April Presidential Primary and removing them from the ballot.

26. The claims presented by the Complaint in Intervention are ripe for adjudication because Intervenor-Plaintiffs are presently, gravely adversely affected by the Defendants' actions removing them from the June ballot.

27. This Court has personal jurisdiction over Defendants at least because, on information and belief, these Defendants respectively in their official capacities have ongoing and systematic contacts with this District, have and maintain offices in this District, and have committed wrongful acts which both occurred within this District, and which have had an impact or effect in this District.

## **RIGHT TO INTERVENE**

28. Plaintiff repeats and realleges the allegations of all of the preceding paragraphs as though fully set forth herein.

29. Intervenor-Plaintiffs seek intervention as of right in the underlying Action, *Andrew Yang et al. v. New York Board of Elections,* filed by the Plaintiffs therein on or about        , pursuant to Federal Rule of Civil Procedure 24(a)(2), on the grounds that Intervenor-Plaintiffs "claim[] an

interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest", namely, a claim that they were wrongfully removed from the ballot as candidates to be Bernie Sanders delegates in the June, 2020 Presidential Primary.

30. Intervenor-Plaintiffs further assert that "existing parties" cannot "adequately represent [their] interest[s]," on the grounds that: Intervenor-Plaintiffs and their counsel bring knowledge and experience to this matter which may usefully supplement that of existing Plaintiffs and counsel; Intervenor-Plaintiffs' status, strategy, and potential influence within the Democratic Party and at the Democratic Convention differs from that of the existing Plaintiffs because the candidate they supported, Bernie Sanders, received more votes in prior primaries than Plaintiff Andrew Yang, had more delegates and influence within the Party than him, had a different strategy generally in the Presidential election process, and that the underlying facts under which Bernie Sanders allegedly "withdrew" from or "suspended" his Presidential campaign differ significantly from the circumstances under which Plaintiff Andrew Yang allegedly did.

31. In the alternative, Intervenor-Plaintiffs seek "permissive intervention" pursuant to FRCP 24(b)(1) on the grounds that they have a "claim ... that shares with the main action a common question of law or fact," again, that they were wrongfully removed from the ballot as candidates to be Bernie Sanders delegates in the June 2020 Presidential Primary.

32. Intervenor-Plaintiffs hereby incorporates the allegations and legal bases for intervention set forth in its Motion for Intervention herein by reference in their entirety in support of its right to file and serve this Complaint upon the Defendants.

## **THE FACTS**

33. Intervenor-Plaintiffs hereby restate, reallege, and incorporate by reference all foregoing paragraphs.

34. The New York State Democratic Presidential Primary was originally scheduled for April 28, 2020 (the "Primary Election").

35. Each Intervenor-Plaintiff had qualified to be a candidate for Delegate supporting Bernie Sanders in the Primary Election, by obtaining signatures on Designating Petitions from Democrats registered in New York State.

36. The Democratic Party delegate selection rules provide that Delegates whose candidate received 15% or more of the vote in a Congressional District will attend the Democratic Party National Convention, presently scheduled for August 17-20 in Milwaukee (the "Convention").

37. Delegates at the Convention assist in shaping the Democratic Party's rules and platform and participate in nominating the Party's candidate for President of the United States.

38. One of the significant ways in which Intervenor-Plaintiffs differ from the existing Plaintiffs in interest is that the candidate they support, Bernie Sanders, has obtained 15% or more of the vote in many more Congressional districts so far than Plaintiff Andrew Yang, and therefore Intervenor-Plaintiffs have a greater expectation and interest in attending the Convention than Plaintiffs.

39. Due to the COVID-19 Pandemic, the April 28 Presidential Primary was rescheduled by Executive Order of the New York State Governor, Andrew Cuomo, to take place on the same date as a previously scheduled New York State election for federal and state offices, on June 23, 2020.

40. Under another Executive Order, 202.15, Governor Cuomo also provided that all New York State voters could choose to vote by mail, so as not to expose themselves at the polls to COVID-19 infection.

41. However, by an amendment to New York State's Election Law, signed by Governor Cuomo on April 13, 2020, it was provided that: "Notwithstanding any inconsistent provision of law to the contrary, prior to forty-five days before the actual date of a presidential primary election, if a candidate for office of the president of the United States who is otherwise eligible to appear on the presidential primary ballot to provide for the election of delegates to a national party convention or a national party conference in any presidential election year, publicly announces that they are no longer seeking the nomination for the office of president of the United States, or if the candidate publicly announces that they are terminating or suspending their campaign, or if the candidate sends a letter to the state board of elections indicating they no longer wish to appear on the ballot, the state board of elections may determine by such date that the candidate is no longer eligible and omit said candidate from the ballot; provided, however, that for any candidate of a major political party, such determination shall be solely made by the commissioners of the state board of elections who have been appointed on the recommendation of such political party or the legislative leaders of such political party, and no other commissioner of the state board of elections shall participate in such determination."

42. On April 27, 2020, Malcolm Seymour of the Foster Garvey law firm, as counsel for the Bernie Sanders campaign, wrote to the New York State Board of Elections: "Senator Sanders has duly qualified for placement on the Primary ballot as a candidate for the Democratic nomination to the office of President of the United States. To get him on the ballot, the Campaign mobilized a vast network of volunteer circulators across New York's 27 congressional

districts, gathering nearly 60,000 signatures for Senator Sanders and his 184 authorized pledged delegates..... On April 8, 2020, Senator Sanders announced the limited suspension of his presidential campaign, emphasizing that he intended to remain on the ballot in upcoming primaries, gather delegates, and attend the Democratic National Convention, with an eye to influencing the party's platform. Unlike most of the other major candidates who have conceded in this year's Democratic primary, Senator Sanders has not officially terminated his candidacy with the Federal Election Commission."

43. Attorney Seymour ended his April 27, 2020 letter with the following request on behalf of Candidate Bernie Sanders "that the Board either: (1) determine as a matter of law that § 2-122-A does not apply to announcements of campaign suspension made prior to April 13, 2020, the date of the law's enactment; or (2) exercise its discretion to keep Senator Sanders on the Primary ballot, in the interest of party unification."

44. On or about April 27, 2020, the New York State Board of Elections, acting by Defendants Kellner and Spano, announced it was canceling the Presidential Primary.

45. Defendant Kellner, revealing the full extent of his partisanship and capriciousness, stated to the New York Times: "What the Sanders campaign wanted is essentially a beauty contest that, given the situation with the public health emergency, seems to be unnecessary and, indeed, frivolous."

46. Candidate Bernie Sanders stated, via senior campaign advisor Jeff Weaver: "Today's decision by the State of New York Board of Elections is an outrage, a blow to American democracy ... Just last week Vice President Biden warned the American people that President Trump could use the current crisis as an excuse to postpone the November election. Well, he now has a precedent thanks to New York State."

12

47. Regarding the relief requested, Intervenor-Plaintiffs note that the Defendants have already argued by letter to this Court that it is too late for them to implement any remedy ordered, because the ballots have already been certified for the June 23 election.  Aside from the obvious fact that the Defendants themselves managed the timing so that the Plaintiffs and Intervenor-Plaintiffs would face an uphill battle redressing the grievous wrongs done them, Intervenor-Plaintiffs ask this Court to note that, just as the Presidential Primary, originally scheduled in April, was at discretion rescheduled to coincide with a June 23 election, this Court has discretion to direct that the Presidential Primary take place on some other date later in June or during July.  There is no requirement in law that the Presidential Primary be conducted on June 23, so long as it takes place an adequate amount of time prior to the Democratic Convention on August 17.

48. To protect the voters against COVID-19, this Court also has discretion under Executive Order 202-15 to order that the Presidential Primary take place entirely by mail-in vote.

## **COUNT I**
*(42 U.S.C. § 1983: Due Process/Equal Protection; New York State Constitution)*

49. Intervenor-Plaintiffs hereby restate, reallege, and incorporate by reference all foregoing paragraphs.

50. Defendants violated Intervenor-Plaintiffs' Due Process and Equal Protection rights in the ways described herein, including but not limited to the following: By removing them arbitrarily, capriciously, and illegally from the ballot for the Presidential Primary; by removing all candidates other than Joe Biden arbitrarily, capriciously and illegally from the said ballot; also by interfering with Intervenor-Plaintiff's rights as voters to vote for the properly qualified Delegate candidates of their choice.

51. As a result of the acts and omissions complained of herein, Plaintiffs suffered the injuries and deprivations of their constitutional rights discussed herein.

## COUNT II

*(42 U.S.C. § 1983: First Amendment; New York State Constitution)*

52. Plaintiffs hereby repeat, re-allege, and incorporate by reference all foregoing paragraphs.

53. Under the First Amendment, laws which burden rights of access to the ballot must survive strict scrutiny.

54. That is, the state must advance compelling, precise interest to justify denial of access to the ballot, and the mechanism to forward that interest must be narrowly tailored to that interest, and further must be the least restrictive alternative available to serve that same interest.

55. Defendants' acts and omissions as detailed herein fail to meet that standard in ways including, but not limited to the following: Defendants have failed to use the least restrictive alternative to forward the interests represented by their alleged, declared interest to protect voters against COVID-19, in that Executive Order 202.15 had already more narrowly protected voters by providing for voting by mail.  Also, Defendant's statements that candidate Sanders' interest in appearing on the ballot was a mere "beauty contest" are astonishing, offensive, partisan, inappropriate, and highly revealing of illegal viewpoint discrimination and the Democratic commissioner's elevation of the interests of Candidate Biden over that of Candidates Sanders, Yang and others.

56. Defendants' removal of Intervenor-Plaintiffs from the June Presidential Primary ballot was therefore not narrowly tailored to any applicable state interest.

57. In addition to procedural defects, upon information and belief and as described above, Defendants' actions impose more stringent application of the Election Law based upon the viewpoints of a candidate.

58. This lack of content-neutrality in the application of the Election Law independently violates Plaintiffs' First Amendment rights.

59. As a result of the acts and omissions complained of herein, Plaintiffs suffered the injuries and deprivations of their constitutional rights discussed herein.

## COUNT III

*(Constitutionality as applied--New York State Election Law Section 122-A(13))*

60. Plaintiffs hereby repeat, re-allege, and incorporate by reference all foregoing paragraphs.

61. Election Law Section 122-A(13) was unconstitutional as applied to remove Intervenor-Plaintiffs from the ballot, including without limitation the following: it could not be applied *ex post facto* to Delegate candidates who had already fulfilled all of the Election Law's requirements to obtain a place on the ballot in the Presidential Primary.

## COUNT IV

*(Facial Constitutionality—New York State Election Law Section 122-A(13))*

62. Plaintiffs hereby repeat, re-allege, and incorporate by reference all foregoing paragraphs.

63. Election Law Section 122-A(13) is facially unconstitutional in that it is not narrowly tailored to a compelling or even a significant government interest, nor provides the least restrictive alternative, for the putative goal of protecting the electorate against COVID-19.

**WHEREFORE**, the Plaintiff respectfully requests that this Court award:

    (a)    Declaratory Judgment that Defendants' have violated Intervenor-Plaintiffs' rights under 42 U.S.C. § 1983, and the First and Fourteenth Amendments;

    (b)    An order directing Defendants to reinstate the Presidential Primary, and restoring Intervenor-Plaintiffs to the ballot, on a date in June or July to be selected by this Court, and further directing that to protect voters from COVID-19, that all voting take place by mail-in ballot;

    (c)    Costs and reasonable attorneys' fees; and

    (d)    Such other and further relief as law or equity may provide.

Dated: New York, New York
       May 1, 2020

                              ADVOCATES FOR JUSTICE
                              Attorneys for Intervenor-Plaintiffs

                              By:         /s/
                                  Arthur Z. Schwartz (AS2683)
                              225 Broadway, Suite 1902
                              New York, New York 10007
                              (212) 285-1400
                              aschwartz@afjlaw.com