```
UNITED STATES DISTRICT COURT                    USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                   DOCUMENT
ANDREW YANG, JONATHAN HERZOG,                   ELECTRONICALLY FILED
HELLEN SUH, BRIAN VOGEL, SHLOMO                 DOC #:
SMALL, ALISON HWANG, KRISTEN                    DATE FILED: 5/3/2020
MEDEIROS, and DR. ROGER GREEN,
individually and on behalf of all others similarly
situated,

                            Plaintiffs,

            -against-
                                                20 Civ. 3325 (AT)
DOUGLAS A. KELLNER, Co-Chair and Commissioner,
ANDREW SPANO, Commissioner, PETER S.               ORDER
KOSINSKI, Co-Chair and Commissioner, TODD D.
VALENTINE, Co-Executive Director, and ROBERT A.
BREHM, Co-Executive Director, individually and in their
official capacities at the New York State Board of
Elections, and THE NEW YORK STATE BOARD OF
ELECTIONS,

                            Defendants.

GEORGE ALBRO, PENNY MINTZ, JAY
BELLANCA, TRACI STRICKLAND, EMILY
ADAMS, NESTOR MEDINA, SIMRAN NANDA,
KATHRYN LEVY, JOUSHA SAUBERMAN,
CARI GARDNER, STEPHEN CARPINETA,
NANCY DEDELVA, and TING BARROW,

                            Plaintiff-Intervenors,
            -against-

DOUGLAS A. KELLNER and ANDREW SPANO,
as Commissioners of the New York State Board of
Elections, and the NEW YORK STATE BOARD
OF ELECTIONS,

                            Defendants.
```

ANALISA TORRES, District Judge:

Plaintiffs, Andrew Yang, Jonathan Herzog, Hellen Suh, Brian Vogel, Shlomo Small,

Alison Hwang, Kristen Medeiros, and Roger Green, bring this action individually and on behalf

of similarly situated individuals, alleging violations of their rights under the First and Fourteenth Amendments to the United States Constitution and the New York State Constitution, against Defendants, Douglas A. Kellner, Andrew Spano, Peter S. Kosinski, Todd D. Valentine, Robert A. Brehm, in their individual and official capacities, and the New York State Board of Elections ("BOE"). *See* Compl., ECF No. 20.

On May 1, 2020, George Albro, Penny Mintz, Jay Bellanca, Traci Strickland, Emily Adams, Nestor Medina, Simran Nanda, Kathryn Levy, Joshua Sauberman, Cari Gardner, Stephen Carpineta, Nancy de Delva, and Ting Barrow (the "Proposed Plaintiff-Intervenors"), moved to intervene in this action "in order to ensure that adjudication of this case considers the full array of vested electoral and Constitutional interests at stake, and to make sure those interests and related rights are fully and vigorously defended." Intervenor Mem. at 1, ECF No. 29-1; *see also* ECF No. 29. Proposed Plaintiff-Intervenors are, like most of the original Plaintiffs to this action, individuals that each qualified for, and were placed on, the New York Democratic presidential primary ballot as candidates to be convention delegates pledged to a presidential candidate. Intervenor Compl. ¶¶ 3, 5–14, ECF No. 29-2; *see also* ECF No. 20 ¶¶ 13–40. They assert claims against Kellner, Spano, and the BOE. Intervenor Compl. at 1; *id.* ¶¶ 15–16. For the reasons stated below, the motion to intervene is GRANTED.

I. <u>Legal Standard</u>

Rule 24 of the Federal Rules of Civil Procedure provides the criteria a putative intervenor must meet to intervene either as of right or permissively. Rule 24(b) sets out the standard for permissive intervention: "On a timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1).

"In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Courts in this district have consistently held that Rule 24(b) "is to be liberally construed." *See, e.g.*, *Olin Corp. v. Lamorak Ins. Co.*, 325 F.R.D. 85, 87 (S.D.N.Y. 2018); *Degrafinreid v. Ricks*, 417 F. Supp. 2d 403, 407 (S.D.N.Y. 2006). The "principal consideration" for permissive intervention is "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978). "[P]ermissive intervention is wholly discretionary with the trial court." *Id.*

II.     Analysis

The Court finds that intervention is appropriate. The motion to intervene was timely: it was submitted within three days of Plaintiffs' complaint, and within four days of Defendants' decision to cancel the Democratic presidential primary, which is the conduct complained of by both Plaintiffs and Proposed Plaintiff-Intervenors. *See* Intervenor Mem. at 3. Additionally, intervention would not delay or prejudice the adjudication of the parties' rights, considering that it was sought at the earliest stage of the litigation, and Defendants have had an opportunity to respond to the merits of Proposed Plaintiff-Intervenors' arguments. *See* ECF No. 33. The Court, moreover, has not needed to extend any preexisting deadlines or reschedule any proceedings to accommodate Proposed Plaintiff-Intervenors.

Lastly, the Court concludes that permissive intervention is merited as Proposed Plaintiff-Intervenors have claims "that share with the main action a common question of law or fact," Fed. R. Civ. P. 24(b): specifically, whether Defendants' decision to cancel the Democratic presidential primary infringes on their constitutional rights as voters and as potential delegates to

the Democratic National Convention.  In light of the rights alleged to be at stake, the Court will permit Proposed Plaintiff-Intervenors the opportunity to join in the litigation.

Accordingly, the motion to intervene is GRANTED.

## CONCLUSION

For the reasons stated above, the motion to intervene under Rule 24(b) of the Federal Rules of Civil Procedure is GRANTED.  Plaintiff-Intervenors shall appear at the telephonic hearing on the pending motion for emergency relief scheduled for **May 4, 2020**, at **2:00 p.m.**, which may be accessed by calling either (888) 398-2342 or (215) 861-0674, and entering access code 5598827.  By **9:00 a.m.** on **May 4, 2020**, Plaintiff-Intervenors shall email appearance information to chambers, at Torres_NYSDChambers@nysd.uscourts.gov.

The Clerk of Court is directed to terminate the motion at ECF No. 29, and to amend the caption as styled above.

SO ORDERED.

Dated: May 3, 2020
       New York, New York

_____
ANALISA TORRES
United States District Judge