IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
 ------------------------------------------------------------------------------- X

ANDREW YANG, JONATHAN HERZOG, HELLEN SUH,
BRIAN VOGEL, SHLOMO SMALL, ALISON HWANG,
KRISTEN MEDEIROS, and DR. ROGER GREEN, individually
and on behalf of all others similarly situated,

                              *Plaintiffs,*

                  *-against-*

DOUGLAS A. KELLNER, Co-Chair and Commissioner,
ANDREW SPANO, Commissioner, PETER S. KOSINSKI, Co-
Chair and Commissioner, TODD D. VALENTINE, Co-
Executive Director, and ROBERT A. BREHM, Co-Executive
Director, individually and in their official capacities at the New
York State Board of Elections of the New York State Board of
Elections, and the NEW YORK STATE BOARD OF
ELECTIONS,

                              *Defendants.*

  -------------------------------------------------------------------------------

GEORGE ALBRO, PENNY MINTZ, JAY BELLANCA,
TRACI STRICKLAND, EMILY ADAMS, NESTOR MEDINA,
SIMRAN NANDA, KATHRYN LEVY, JOSHUA
SAUBERMAN, CARI GARDNER, STEPHEN CARPINETA,
NANCY DEDELVA, and TING BARROW,

                    *Plaintiff- Intervenors,*

                         *v.*

DOUGLAS A. KELLNER and ANDREW SPANO, As
Commissioners of the New York State Board of Elections, the
NEW YORK STATE BOARD OF ELECTIONS, and ANDREW
CUOMO, as Governor of the STATE OF NEW YORK,

                              *Defendants.*

  ------------------------------------------------------------------------------- X

20-cv-3325 (AT)

**INTERVENORS'**
**COMPLAINT**

Plaintiff-Intervenors, by way of this Complaint in Intervention against Defendants Douglas Kellner, Andrew Spano, New York State Board of Elections, and Andrew Cuomo as Governor of the State of New York allege as follows:

## **INTRODUCTION**

1.      By this Complaint in Intervention Plaintiffs-Intervenors, all of who were delegate candidates whose names were to have appeared on the New York State Presidential Primary ballot as supporters of Bernie Sanders seek to address the issues raised in the Second Amended Compliant filed by Presidential candidate Andrew Yang and several of his delegate candidates, and raise additional issues arising out of the cancellation of the June 23, 2020 Presidential Primary by Defendants Douglas Kellner and Andrew Spano, who are the Democratic Party-affiliated Commissioners on the New York State Board of Elections.  Defendants Kellner and Spano took their action pursuant to authority granted to them in a provision in New York State's Budget Bill signed into law on April 3, 2020.

2.      Plaintiffs-Intervenors make several contentions.  First they contend that the legislation enacted on April 3, 2020 was unconstitutional on its face, both under the Federal and the State Constitutions.  Second they contend that, even if it was constitutional, it was applied to Bernie Sanders and the delegates pledged to him in a manner which violated those delegates First and 14th Amendment Constitutional rights, their NY State Constitutional Right to free speech, and the right of voters to free speech as should have been expressionable in the now-cancelled primary election.  Finally, the Plaintiff-Intervenors assert that even if Defendants Kellner and Spano did not act in violation of the Constitution, they acted arbitrarily and capriciously.

## PARTIES

3.      Plaintiff GEORGE ALBRO is a registered Democrat residing in Kings County, NY, and who as of February 6, 2020 qualified for and was placed on the NY Presidential Primary ballot by the NY State and NYC Boards of Elections as a Democratic National Convention Delegate candidate pledged to Presidential Candidate Bernie Sanders in Congressional District 9 (CD9) after filing the number of signatures of Democratic Party enrollees in CD9 with the NYC Board of Elections.  He has not declined that candidacy.  He is also, at all times, qualified to vote in the Democratic Presidential Primary which had been scheduled to be held on June 23, 2020. He is also an elected member of the Kings County Democratic Committee from the 52 Assembly District (AD).

4.      Intervenor-Plaintiff PENNY MINTZ is a registered Democrat residing in New York County, NY, and who as of February 6, 2020 qualified for and was placed on the NY Presidential Primary ballot by the NY State and NYC Boards of Elections as a Democratic National Convention Delegate candidate pledged to Presidential Candidate Bernie Sanders in CD21 after filing the number of signatures of Democratic Party enrollees in CD21 with the NYC Board of Elections.  She is also, at all times, qualified to vote in the Democratic Presidential Primary which had been scheduled to be held on June 23, 2020. She has not declined that candidacy.

5.      Intervenor-Plaintiff JAY BELLANCA is a registered Democrat residing in Washington County, NY, and who as of February 6, 2020 qualified for and was placed on the NY Presidential Primary ballot by the NY State Board of Elections as a Democratic National Convention Delegate candidate pledged to Presidential Candidate Bernie Sanders in CD21 after filing the number of signatures of Democratic Party enrollees in CD21 with the NYS Board of

Elections.  He is also, at all times, qualified to vote in the Democratic Presidential Primary which had been scheduled to be held on June 23, 2020.He has not declined that candidacy.  He is also an elected member of the NY State Democratic Committee from the 113th AD.

6.      Intervenor-Plaintiff TRACI STRICKLAND is a registered Democrat residing in Kings County, NY, and who as of February 6, 2020 qualified for and was placed on the NY Presidential Primary ballot by the NY State and NYC Boards of Elections as a Democratic National Convention Delegate candidate pledged to Presidential Candidate Bernie Sanders in CD7 after filing the number of signatures of Democratic Party enrollees in CD7 with the NYC Board of Elections.  She is also, at all times, qualified to vote in the Democratic Presidential Primary which had been scheduled to be held on June 23, 2020.  She has not declined that candidacy.  She is also member of the Kings County Democratic Committee from the 51st Assembly District (AD).

7.      Intervenor-Plaintiff EMILY ADAMS is a registered Democrat residing in Tompkins County, NY, and who as of February 6, 2020 qualified for and was placed on the NY Presidential Primary ballot by the NY State Boards of Elections as a Democratic National Convention Delegate candidate pledged to Presidential Candidate Bernie Sanders in CD23 after filing the number of signatures of Democratic Party enrollees in CD23 with the NYS Board of Elections.  She is also, at all times, qualified to vote in the Democratic Presidential Primary which had been scheduled to be held on June 23, 2020.  He has not declined that candidacy.  She is also an elected member of the NY State Democratic Committee from the 125th AD.

8.      Intervenor-Plaintiff NESTOR MEDINA is a registered Democrat residing in New York County, NY, and who as of February 6, 2020 qualified for and was placed on the NY Presidential Primary ballot by the NY State and NYC Boards of Elections as a Democratic

National Convention Delegate candidate pledged to Presidential Candidate Bernie Sanders in CD10 after filing the number of signatures of Democratic Party enrollees in CD10 with the NYC Board of Elections.  He is also, at all times, qualified to vote in the Democratic Presidential Primary which had been scheduled to be held on June 23, 2020.  He has not declined that candidacy.

9.      Intervenor-Plaintiff SIMRAN NANDA is a registered Democrat residing in Nassau County, NY, and who as of February 6, 2020 qualified for and was placed on the NY Presidential Primary ballot by the NY State Board of Elections as a Democratic National Convention Delegate candidate pledged to Presidential Candidate Bernie Sanders in CD3 after filing the number of signatures of Democratic Party enrollees in CD3 with the NYS Board of Elections.  He is also, at all times, qualified to vote in the Democratic Presidential Primary which had been scheduled to be held on June 23, 2020.  She has not declined that candidacy.  She is also an elected member of the Nassau County Democratic Committee from the 13th AD.

10.     Intervenor-Plaintiff KATHRYN LEVY is a registered Democrat residing in Suffolk County, NY, and who as of February 6, 2020 qualified for and was placed on the NY Presidential Primary ballot by the NY State and Suffolk County Boards of Elections as a Democratic National Convention Delegate candidate pledged to Presidential Candidate Bernie Sanders in CD1 after filing the number of signatures of Democratic Party enrollees in CD1 with the Suffolk County Boards of Elections.  He is also, at all times, qualified to vote in the Democratic Presidential Primary which had been scheduled to be held on June 23, 2020.  She has not declined that candidacy.  She is also an elected member of the Suffolk County Democratic Committee and the Southampton Town Democratic Committee.

11.     Intervenor-Plaintiff JOSHUA SAUBERMAN is a registered Democrat residing in Queens County, NY, and who as of February 6, 2020 qualified for and was placed on the NY Presidential Primary ballot by the NY State Board of Elections as a Democratic National Convention Delegate  candidate pledged to Presidential Candidate Bernie Sanders in CD3 after filing the number of signatures of Democratic Party enrollees in CD3 with the NYS Board of Elections.  He is also, at all times, qualified to vote in the Democratic Presidential Primary which had been scheduled to be held on June 23, 2020.  He has not declined that candidacy.

12.     Intervenor-Plaintiff CARI GARDNER is a registered Democrat residing in Greene County, NY, and who as of February 6, 2020 qualified for and was placed on the NY Presidential Primary ballot by the NY State Boards of Elections as a Democratic National Convention Delegate candidate pledged to Presidential Candidate Bernie Sanders in CD19 after filing the number of signatures of Democratic Party enrollees in CD19 with the NYS Board of Elections. She is also, at all times, qualified to vote in the Democratic Presidential Primary which had been scheduled to be held on June 23, 2020.  She has not declined that candidacy.  She is also an elected member of the Greene County Democratic Committee.

13.     Intervenor-Plaintiff STEPHEN CARPINETA is a registered Democrat residing in Tioga County, NY, and who as of February 6, 2020 qualified for and was placed on the NY Presidential Primary ballot by the NY State Board of Elections as a Democratic National Convention Delegate candidate pledged to Presidential Candidate Bernie Sanders in CD23 after filing the number of signatures of Democratic Party enrollees in CD23 with the NYS Board of Elections.  He is also, at all times, qualified to vote in the Democratic Presidential Primary which had been scheduled to be held on June 23, 2020.  He has not declined that candidacy.  He is also

an elected member of the Tioga County Democratic Committee and the elected Chair of the Tioga Town Democratic Committee.

14.     Intervenor-Plaintiff NANCY de DELVA is a registered Democrat residing in Queens County, NY, and who as of February 6, 2020 qualified for and was placed on the NY Presidential Primary ballot by the NY State and NYC Boards of Elections as a Democratic National Convention Delegate candidate pledged to Presidential Candidate Bernie Sanders in CD5 after filing the number of signatures of Democratic Party enrollees in CD5 with the NYC Board of Elections.  She is also, at all times, qualified to vote in the Democratic Presidential Primary which had been scheduled to be held on June 23, 2020.  She has not declined that candidacy.

15.     Intervenor-Plaintiff TING BARROW is a registered Democrat residing in New York County, NY, and who as of February 6, 2020 qualified for and was placed on the NY Presidential Primary ballot by the NY State and NYC Boards of Elections as a Democratic National Convention Delegate candidate pledged to Presidential Candidate Bernie Sanders in CD13 after filing the number of signatures of Democratic Party enrollees in CD13 with the NYC Board of Elections.  He is also, at all times, qualified to vote in the Democratic Presidential Primary which had been scheduled to be held on June 23, 2020.  He has not declined that candidacy.

16.     Defendant DOUGLAS KELLNER is a Democratic Party affiliated Commissioner and Co-Chair of the New York State Board of Elections. He has held that position since 2005. He is a resident of New York County. The New York State Board of Elections implements state-wide election regulations and defines the state's election policies, and certifies candidacies of candidates whose districts cover one or more county. This can include statewide candidacies,

such as a candidacy for Presidential nominee of a party, and delegates to the Democratic National Convention whose districts cover one or more counties.

17.     Defendant ANDREW SPANO is a Democratic Party Affiliated Commissioner of the New York State Board of Elections, having been appointed to that position by Governor Andrew Cuomo in 2017.

18.     Defendant ANDREW CUOMO is Governor of the State of New York, and is proposed as a Defendant so that the Court can address the Constitutionality of the Statute which Defendants Kellner and Spano applied to terminate the NY Presidential Primary.

## JURISDICTION AND VENUE

19.     This is an Action in Intervention in the above-captioned suit as filed by Plaintiff Andrew Yang et al.

20.     This Court has federal question jurisdiction of the original action and of Intervenor-Plaintiff's action under 42 U.S.C. § 198 and 28 U.S.C. § 1331.

21.     Declaratory relief in both actions is available pursuant to 28 U.S.C. §§ 2201 and § 2202.

22.     The Court has ancillary jurisdiction over Plaintiff's and Intervenor-Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

23.     Venue is proper in this district for both actions pursuant to 28 U.S.C. § 1391, as certain of the Plaintiffs live in this district and the acts and transactions that give rise to this action occurred, in substantial part, in this district.

24.     Venue is also proper in this district in both actions under 28 USC Section 1391, because Defendants transact business in this District and the wrongful acts alleged herein had their wrongful effect or otherwise caused harm in this District.

25.     This Complaint in Intervention is submitted only pursuant to order of this Court, if the Court grants the Motion for Intervention under Fed. R. Civ. P. 24 filed by Intervenor-Plaintiffs in this Action, to which this Complaint in Intervention is attached as an Exhibit.

26.     This Complaint incorporates the Second Amended Complaint of Plaintiffs Andrew Yang herein in its entirety to the extent any of the allegations there are relevant to Intervenor-Plaintiffs and adopts such allegations as its own.

27.     Intervenor-Plaintiffs have standing to bring this Complaint in Intervention because they have been, and continue to be, adversely affected by the Defendants' order canceling the April Presidential Primary and removing them from the ballot.

28.     The claims presented by the Complaint in Intervention are ripe for adjudication because Intervenor-Plaintiffs are presently, gravely adversely affected by the Defendants' actions removing them from the June ballot.

29.     This Court has personal jurisdiction over Defendants at least because, on information and belief, these Defendants respectively in their official capacities have ongoing and systematic contacts with this District, have and maintain offices in this District, and have committed wrongful acts which both occurred within this District, and which have had an impact or effect in this District.

## **RIGHT TO INTERVENE**

30.     Plaintiff repeats and realleges the allegations of all of the preceding paragraphs as though fully set forth herein.

31.     Intervenor-Plaintiffs seek intervention as of right in the underlying Action, *Andrew Yang et al. v. New York Board of Elections,* filed by the Plaintiffs therein on or about April 29, 2020, pursuant to Federal Rule of Civil Procedure 24(a)(2), on the grounds that Intervenor-

Plaintiffs "claim[] an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest," namely, a claim that they were wrongfully removed from the ballot as candidates to be Bernie Sanders delegates in the June, 2020 Presidential Primary.

32.     Intervenor-Plaintiffs further assert that "existing parties" cannot "adequately represent [their] interest[s]," on the grounds that: Intervenor-Plaintiffs and their counsel bring knowledge and experience to this matter which may usefully supplement that of existing Plaintiffs and counsel; Intervenor-Plaintiffs' status, strategy, and potential influence within the Democratic Party and at the Democratic Convention differs from that of the existing Plaintiffs because the candidate they supported, Bernie Sanders, received more votes in prior primaries than Plaintiff Andrew Yang, had more delegates and influence within the Party than him, had a different strategy generally in the Presidential election process, and that the underlying facts under which Bernie Sanders allegedly "withdrew" from or "suspended" his Presidential campaign differ significantly from the circumstances under which Plaintiff Andrew Yang allegedly did. Additionally, almost all of the Plaintiff - Intervenors are elected officials of the Democratic Party, and several are elected Members of the NY State Democratic Committee, which, as we discuss below, adopted the rules which the Democratic Party asked the NY State Board of Elections to follow in its conduct of the New York State Democratic Presidential Primary in 2020.

33.     In the alternative, Intervenor-Plaintiffs seek "permissive intervention" pursuant to FRCP 24(b)(1) on the grounds that they have a "claim ... that shares with the main action a

common question of law or fact," again, that they were wrongfully removed from the ballot as candidates to be Bernie Sanders delegates in the June 2020 Presidential Primary.

34.     Intervenor-Plaintiffs hereby incorporates the allegations and legal bases for intervention set forth in its Motion for Intervention herein by reference in their entirety in support of its right to file and serve this Complaint upon the Defendants.

## THE FACTS

35.     Intervenor-Plaintiffs hereby restate, reallege, and incorporate by reference all foregoing paragraphs.

36.     On August 25, 2020, the Democratic National Committee ("DNC") adopted the 2020 DNC Convention Call and Delegate Selection Rules. Pursuant to these rules, state parties were required to adopt a plan for the selection of convention delegates which was required to be open to all voters who wish to participate as Democrats, which is defined as all persons who have this preference publicly recorded.

37.     Said DNC Rules further provided that while state parties were encouraged to use government run primaries, they had to prevent attempts at voter suppression, disenfranchisement and ensure an open an inclusive process.

38.     On or about May 22, 2019, the New York State Democratic Committee, of which Intervenor-Plaintiffs Bellanca and Adams are members, voted to approve New York's Delegate Selection Plan which provided that Democratic voters will vote for a presidential candidate and will choose 184 district delegates at a Democratic Primary Election to be held on April 28, 2020. On or about October 15, 2019, New York's Plan was amended by vote of the State Committee without changing the requirement of a Primary. Both the original and amended plans were

approved by the DNC. No further revision to the NY plan was adopted. The Amended plan is annexed as Exhibit A.

39.     Those rules state in relevant part:

PART TWO

DESIGNATION OF PRESIDENTIAL CANDIDATES

SECTION A. Expressing Presidential Preference

1. Presidential Preference Primary: For the purpose of determining presidential preference, there shall be a Democratic Presidential primary election in 2020, which shall be held in accordance with the Election Law, except that, **if only one Presidential Candidate qualifies for the ballot** under Section B of this Part, then no Primary shall be held and such Candidate shall be awarded all pledged delegates and alternates. This is the first determining step in the primary process. The Presidential Preference Primary will be held on April 28, 2020.

SECTION B. Ballot Access for Presidential Candidates

1. Petition Requirements: To qualify the name of an individual on the Primary ballot as a candidate for the Democratic nomination for president of the United States, any enrolled Democrat or group of enrolled Democrats shall circulate a designating petition conforming to the Election Law governing petitions for statewide office. Five thousand (5,000) enrolled Democrats in the State shall sign the petition. The deadline for submitted petitions is February 6, 2020. (Rules 12.B, 15.A & 15.E, and NYS Election Law) Sample petition forms can be found on the Board of Elections website (elections.ny.gov), State Party website (https://act.nydems.org/petitions), and at any state or county Board of Elections office. Completed petition forms must be sent to the state Board of Elections: NYS Board of Elections 40 North Pearl Street, Suite 5 Albany, NY 12207-2729. Faxes and emails are not accepted by the State Board.

2. Declination of Candidacy: Any eligible individual who is named as a Presidential Candidate in a timely and legally sufficient designating petition **shall appear as such a Candidate on the Primary ballot throughout the State unless, that individual files a declination of candidacy with the State Board in the form the Election Law prescribes.**

3. Primary Ballot: On the Primary ballot, a lever or other comparable mechanism shall appear next to the name of each Presidential Candidate or, in the case of paper ballots, a space shall

appear under, or next to or adjacent to the name of each Presidential Candidate or 'Uncommitted', so that each voter is able to cast a vote directly for the Presidential Candidate of their choice. The State Board shall determine the position of Presidential Candidates on the Primary ballot by drawing lots among the Presidential Candidates.

PART THREE

4. Petition Requirements: To place the name of an eligible individual on the Primary ballot in a Congressional District as a candidate for district delegate, any enrolled Democrat or group of enrolled Democrats shall circulate a designating petition. Designating petitions for district delegate shall be circulated beginning on December 31, 2019 as determined by the State Board of Elections. Such petition shall conform to the Election Law and be signed by one-half of one percent (.5%) of the enrolled Democrats in the Congressional District or five hundred (500), whichever number is less. Petitions must be submitted to the Board of Elections that corresponds with the prospective candidate's congressional district below between February 3 and February 6, 2019.

40.     The New York State Democratic Presidential Primary was originally scheduled for April 28, 2020 (the "Primary Election").

41.     Each Intervenor-Plaintiff had qualified by collecting and filing at designating petitions signed by at least 500 enrolled Democratic Party members to be a candidate for Delegate supporting Bernie Sanders in the Primary Election.

42.     The Democratic Party delegate selection rules, both nationally and in the Rules adopted by the Democratic Party in NY State  provided that Delegates whose candidate received 15% or more of the vote in a Congressional District will attend the Democratic Party National Convention, in proportion to the percentage of the vote in both the Congressional Districts (District Level Delegates) and statewide (At Large and Party Leader and Public Official Delegates).

43.     The Democratic National Convention (DNC) is presently scheduled for August 17-20 in Milwaukee, Wisconsin.

44.     Delegates at the Convention assist in shaping the Democratic Party's rules and platform and participate in nominating the Party's candidate for President of the United States.

45.     Bernie Sanders, has obtained 15% or more of the vote in many more Congressional districts so far than any candidate other than Joe Biden, and therefore Intervenor-Plaintiffs have an  expectation and interest in getting elected to and  attending the Convention , and in voting for Bernie Sanders so that he exceeds 15% of the vote statewide and can add At Large and Party and Public Official Delegates. Bernie Sanders has, to date won about 1000 delegates to the DNC.

46.     On or about March 1, 2020 each county Board of Elections sent out absentee ballots to voters for the April 28, 2020 Presidential Primary. A copy of such ballot is annexed as Exhibit B.

47.     On or about March 19, 2020, due to the COVID-19 Pandemic, the April 28 Presidential Primary was rescheduled by Executive Order of New York State Governor, Andrew Cuomo, and was rescheduled to take place on the same date as a previously scheduled New York State primary election for federal and state, local and party offices, June 23, 2020. The New York State BOE advised all local Boards to hold all returned ballots and count them if that voter did not vote again in the June 23rd primary.

48.     Under another Executive Order, 202.15, issued in Mid-April, 2020 Governor Cuomo provided that all New York State voters who wished to vote in the June 23rd Primary could choose to vote by mail simply by making an absentee ballot request, so as not to expose themselves at the polls to COVID-19 infection, and to cut the number of voters at the polls. The Governor decreed that all voter would receive an absentee ballot application without having to request one.

49.     However, by an amendment to New York State's Election Law, signed by

Governor Cuomo on April 3, 2020, as part of a budget bill it was provided that:

> "Notwithstanding any inconsistent provision of law to the contrary,
> prior to forty-five days before the actual date of a presidential
> primary election, if a candidate for office of the president of the
> United States who is otherwise eligible to appear on the
> presidential primary ballot to provide for the election of delegates
> to a national party convention or a national party conference in any
> presidential election year, publicly announces that they are no
> longer seeking the nomination for the office of president of the
> United States, or if the candidate publicly announces that they are
> terminating or suspending their campaign, or if the candidate sends
> a letter to the state board of elections indicating they no longer
> wish to appear on the ballot, the state board of elections may
> determine by such date that the candidate is no longer eligible and
> omit said candidate from the ballot; provided, however, that for
> any candidate of a major political party, such determination shall
> be solely made by the commissioners of the state board of
> elections who have been appointed on the recommendation of such
> political party or the legislative leaders of such political party, and
> no other commissioner of the state board of elections shall
> participate in such determination."

50.     On April 13, 2020, Bernie Sanders announced that he was endorsing Joe Biden to

be the Democratic nominee for the Presidency of the United States. However, he made it clear in

that announcement, that he wished to remain on the ballot in all states which had not yet had

primaries [including New York] so that he might continue to allow the enrolled members of the

Democratic Party to elect Sanders pledged delegates to the DNC, so that they might influence the

future of the Party and its Party Platform.

51.     On April 27, 2020, Malcolm Seymour of the Foster Garvey law firm, as counsel

for the Bernie Sanders campaign, wrote to the New York State Board of Elections:

> "Senator Sanders has duly qualified for placement on the Primary
> ballot as a candidate for the Democratic nomination to the office of
> President of the United States.  To get him on the ballot, the
> Campaign mobilized a vast network of volunteer circulators across
> New York's 27 congressional districts, gathering nearly 60,000

> signatures for Senator Sanders and his 184 authorized pledged delegates..... On April 8, 2020, Senator Sanders announced the limited suspension of his presidential campaign, emphasizing that he intended to remain on the ballot in upcoming primaries, gather delegates, and attend the Democratic National Convention, with an eye to influencing the party's platform. Unlike most of the other major candidates who have conceded in this year's Democratic primary, Senator Sanders has not officially terminated his candidacy with the Federal Election Commission."

52.    Attorney Seymour ended his April 27, 2020 letter with the following request on behalf of Candidate Bernie Sanders "that the Board … exercise its discretion to keep Senator Sanders on the Primary ballot, in the interest of party unification."

53.    On or about April 27, 2020, after receipt of Attorney Seymour's letter, the New York State Board of Elections, acting by Defendants Kellner and Spano, announced it was canceling the Presidential Primary. They stated that they did so, in order to prevent voter turnout, and the need to have voting sites in operation, in the 30 percent of the state's counties which had no other primaries on the ballot that day.

54.    In fact, about 90% or more of New York's Democratic Party electorate will be voting in other primaries that day for positions ranging from Congressional seats, State Senate and Assembly seats, State Democratic Committee, judgeships, and many other positions. In addition, by Executive Order, the State and local boards of election will be mailing out absentee ballot requests to every eligible registered Democrat in the State so that they may receive an absentee ballot in time to mail it in before June 23, 2020.

55.    What the cancellation does is prevent Democratic Party voters who wish to express their views concerning issues ranging from health care, to the environment, to student debt, to the cost of higher education, from expressing their view on the differences between Bernie Sanders and Joseph Biden on these issues.

56.     The cancellation of the primary also impacts candidates for lower level offices who are aligned with Bernie Sanders.

57.     Defendant Kellner, revealing the full extent of his partisanship and capriciousness, stated to the New York Times:

> "What the Sanders campaign wanted is essentially a beauty contest that, given the situation with the public health emergency, seems to be unnecessary and, indeed, frivolous."

The expression of views embodied in the election of delegates to the DNC is not frivolous.

58.     Candidate Bernie Sanders stated, via senior campaign advisor Jeff Weaver:

> "Today's decision by the State of New York Board of Elections is an outrage, a blow to American democracy ...  Just last week Vice President Biden warned the American people that President Trump could use the current crisis as an excuse to postpone the November election.  Well, he now has a precedent thanks to New York State."

59.     Regarding the relief requested, Intervenor-Plaintiffs note that the Defendants have already argued by letter to this Court that it is too late for them to implement any remedy ordered, because the ballots have already been certified for the June 23 election.  This does not mean that ballots have already been printed, or that even if they have, that ballots could not be reprinted so that they include candidates who wish to remain on the ballot.

60.     Aside from the obvious fact that the Defendants themselves managed the timing so that the Plaintiffs and Intervenor-Plaintiffs would face an uphill battle redressing the grievous wrongs done them, Intervenor-Plaintiffs ask this Court to note that, just as the Presidential Primary, originally scheduled in April, was at discretion rescheduled to coincide with a June 23 election, this Court has discretion to direct that the Presidential Primary take place on some other date later in June or during July.  There is no requirement in law that the Presidential Primary be conducted on June 23,2020 so long as it takes place an adequate amount of time prior to the Democratic Convention on August 17.

61.     To protect the voters against COVID-19, this Court also has discretion under Executive Order 202-15 to order that the Presidential Primary take place entirely by mail-in vote.

## COUNT I

*(The Statute being applied violates US Constitution 14th Amendment and NY State Constitution Due Process/Equal Protection Rights)*

62.     Intervenor-Plaintiffs hereby restate, reallege, and incorporate by reference all facts stated in the foregoing paragraphs.

63.     The April 3rd Budget Bill rights in the ways described herein, including but not limited to the following: by allowing removal from the ballot for the Presidential Primary after they had been declared qualified to appear on that ballot; by removing all delegate candidates other than those pledged to Joe Biden arbitrarily, capriciously and illegally from the said ballot and thereby allowing the declaration of a  winner in a lawfully contested election by default; and by allowing  interference  with Intervenor-Plaintiff's rights as voters to vote for the properly qualified Delegate candidates of their choice.

64.     The enactment of the April 3 Amendment to the Election Law suffered the injuries and deprivations of their constitutional rights.

## COUNT II

*(Application of the Statute violated US Constitution First Amendment; New York State Constitution)*

65.     Plaintiffs hereby repeat, re-allege, and incorporate by reference all of the facts stated in foregoing paragraphs.

66.     Each of the Plaintiffs is a voter who wishes to vote for delegates pledged to support the political policies espoused by Bernie Sanders.,

67.     Under the First Amendment, and the Free Speech and Free Suffrage provisions of the New York State Constitution, laws, and actions under the law which burden rights of access

to the ballot must survive strict scrutiny. In other words, the state actors must advance compelling, precise interest to justify denial of access to the ballot, and the mechanism to forward that interest must be narrowly tailored to that interest, and further must be the least restrictive alternative available to serve that same interest.

68.     Defendants' acts and omissions as detailed herein fail to meet that standard in ways including, but not limited to the following: Defendants have failed to use the least restrictive alternative to forward the interests represented by their alleged, declared interest to protect voters against COVID-19, in that Executive Order 202.15 had already more narrowly protected voters by providing for voting by mail.  Also, Defendant's statements that candidate Sanders' interest in appearing on the ballot was a mere "beauty contest" are astonishing, offensive, partisan, inappropriate, and highly revealing of illegal viewpoint discrimination and the Democratic commissioner's elevation of the interests of Candidate Biden over that of Candidates Sanders..

69.     Defendants' removal of Intervenor-Plaintiffs from the June Presidential Primary ballot, and the deprivation of their right to vote for themselves and other likeminded delegate candidates, as well as Bernie Sanders, was therefore not narrowly tailored to any applicable state interest.

70.     As a result of the acts and omissions complained of herein, Plaintiffs suffered the injuries and deprivations of their Federal and State Constitutional Free Speech Right, and their Suffrage Rights Under the NY State Constitution.

## COUNT III

*(Constitutionality as applied--New York State Election Law Section 122-A(13))*

71.     Plaintiffs hereby repeat, re-allege, and incorporate by reference all facts stated in the foregoing paragraphs.

72.     The statute as applied violated Plaintiffs First and Fourteenth Amendment Constitutional Rights , and their State Constitutional rights in that without good and sufficient reason, and without utilizing the least restrict means to address the public welfare,  Plaintiffs were removed from the ballot for the Presidential Primary after they had been declared qualified to appear on that ballot;  all delegate candidates other than those pledged to Joe Biden were removed from the ballot arbitrarily and  capriciously,  and  Intervenor-Plaintiff's rights as voters to vote for a Presidential Candidate and delegates candidates of their choice was abrogated without good reason.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff respectfully requests that this Court enter judgment on an expedited basis, under Rule 65 of the Federal Rules of Civil Procedure:

(a)     Declaring that Defendants' have violated Intervenor-Plaintiffs' right to due process and equal protection of the law under and the First and Fourteenth Amendments;

(b)     Ordering Defendants to reinstate the Presidential Primary, and restore Intervenor-Plaintiffs to the ballot, on June 23, 2020 to be selected by this Court, and further directing that to protect voters from COVID-19, that all voting take place by mail-in ballot;

(c)     Awarding costs and reasonable attorneys' fees; and

(d)     Granting such other and further relief as law or equity may provide.

Dated: New York, New York
            May 1, 2020

                                        COHEN and GREEN PLLC

                                        By: /s/ *Elena L. Cohen*
                                                Elena L. Cohen
                                        J. Remy Green
                                        Jonathan Wallace, *of counsel*
                                        1639 Centre Street, Suite 216
                                        Ridgewood, New York 11385
                                        (929) 888.9480 (telephone)
                                        (929) 888.9457 (facsimile)
                                        elena@femmelaw.com

                                        ADVOCATES FOR JUSTICE

                                        By: /s/ *Arthur Z. Schwartz*
                                                Arthur Z. Schwartz (AS2683)
                                        225 Broadway, Suite 1902
                                        New York, New York 10007
                                        Phone (917) 923-8136
                                        Facsimile: (212) 285-1410
                                        Email:aschwartz@afjlaw.com

## **VERIFICATION**

Arthur Z. Schwartz declares under penalty of perjury, that he has read the Proposed

Intervenors' Complaint, that as a Democratic Part District Leader in New York County, I have

personal knowledge of all facts set forth in the Proposed Intervenors' Complaint, and that the

same is true to my knowledge

Dated: May 1, 2020


/s/ *Arthur Z. Schwartz*
Arthur Z. Schwartz