USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __9/1/2020__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANDREW YANG, JONATHAN HERZOG, HELLEN SUH, BRIAN
VOGEL, SHLOMO SMALL, ALISON HWANG, KRISTEN
MEDEIROS, and DR. ROGER GREEN, individually and on behalf of
all others similarly situated,

Plaintiffs,

v.

DOUGLAS A. KELLNER, Co-Chair and Commissioner, ANDREW
SPANO, Commissioner, PETER S. KOSINSKI, Co-Chair and
Commissioner, TODD D. VALENTINE, Co-Executive Director, and
ROBERT A. BREHM, Co-Executive Director, individually and in
their official capacities at the New York State Board of Elections, and
THE NEW YORK STATE BOARD OF ELECTIONS,

Defendants.

---

GEORGE ALBRO, PENNY MINTZ, JAY BELLANCA, TRACI
STRICKLAND, EMILY ADAMS, NESTOR MEDINA, SIMRAN
NANDA, KATHRYN LEVY, JOSHUA SAUBERMAN, CARI
GARDNER, STEPHEN CARPINETA, NANCY DEDELVA, and
TING BARROW,

Plaintiffs-Intervenors,

v.

DOUGLAS A. KELLNER and ANDREW SPANO, as
Commissioners of the New York State Board of Elections, and the
NEW YORK STATE BOARD OF ELECTIONS,

Defendants.

---

**STIPULATION OF
SETTLEMENT AND
ORDER**

No. 20-cv-3325 (AT)

---

This STIPULATION OF SETTLEMENT ("Stipulation") is made by and between
Plaintiffs Andrew Yang, Jonathan Herzog, Hellen Suh, Brian Vogel, Shlomo Small, Alison
Hwang, Kristen Medeiros, and Dr. Roger Green (collectively, "Plaintiffs"); Plaintiffs-Intervenors
George Albro, Penny Mintz, Jay Bellanca, Traci Strickland, Emily Adams, Nestor Medina, Simran
Nanda, Kathryn Levy, Joshua Sauberman, Cari Gardner, Stephen Carpineta, Nancy Dedelva, and
Ting Barrow (collectively, "Plaintiff-Intervenors"); and Defendants Douglas A. Kellner, Co-Chair

and Commissioner, Andrew Spano, Commissioner, Peter S. Kosinski, Co-Chair And Commissioner, Todd D. Valentine, Co-Executive Director, and Robert A. Brehm, Co-Executive Director, individually and in their official capacities at the New York State Board of Elections, and the New York State Board of Elections (collectively, "Defendants," and together with the Plaintiffs and Plaintiff-Intervenors, the "Parties").

<u>**RECITALS**</u>

A.      On April 28, 2020, Plaintiffs filed a complaint in this Court (Case No. 20-cv-3325, the "Action"), alleging that by not holding the Democratic Presidential Primary election previously scheduled for June 23, 2020, Defendants violated the constitutional rights of Plaintiffs in violation of 42 U.S.C. § 1983.

B.      On April 29, 2020, Plaintiffs filed an application seeking emergency relief under Rule 65 of the Federal Rules of Civil Procedure.

C.      On May 1, 2020, Plaintiffs filed a First Amended Complaint. Also on May 1, 2020, Plaintiffs filed a Second Amended Complaint.

D.      On May 1, 2020. Plaintiff-Intervenors filed a motion to intervene and a motion seeking a preliminary injunction. On May 5, 2020, Plaintiff-Intervenors filed an Intervenor Complaint (collectively with the Second Amended Complaint, the "Complaints").

E.      On May 4, 2020, oral argument on Plaintiffs' request for emergency relief and Plaintiff-Intervenors' motion was held.

F.      On May 5, 2020, this Court issued an order granting a preliminary injunction to Plaintiffs and Plaintiff-Intervenors requiring Defendants to reinstate the Democratic Presidential Primary on June 23, 2020 (the "May 5 Order"). On May 6, 2020, Defendants filed a notice of appeal of the May 5 Order to the United States Court of Appeals for the Second Circuit.

2

G.      On May 19, 2020, the United States Court of Appeals for the Second Circuit issued

a mandate upholding the May 5 Order, with a full published opinion that followed on June 1, 2020.

H.      Defendants have complied with the May 5 Order, and the Democratic Presidential

Primary was held on June 23, 2020.

I.      The Parties have reached an agreement to fully and finally resolve this action by

settlement without the need for further litigation, expense, or Court intervention, which they now

memorialize in this Stipulation.

NOW THEREFORE, in consideration of the mutual promises, covenants, representations,

and other consideration contained in this Stipulation, the Parties hereby agree as follows:

1.      **Dismissal of Action**

Upon the Court "so ordering" this Stipulation, the Action, and all claims asserted within,

are dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and without payments,

attorney's fees, costs, disbursements, or expenses except as specified in Paragraph 5 of this

Stipulation.

2.      **No Admission of Liability**

This Stipulation and any actions taken pursuant to it are made solely to avoid the burdens

and expenses of protracted litigation and shall not constitute an admission of wrongdoing or

liability by any Party.

3.      **No Precedential Value of Stipulation**

This Stipulation shall not in any manner be construed as determinative of the issues raised in

the Complaints or this Action, and shall not be deemed a determination on the merits of the claims

raised in the Complaints or the Action. Further, this Stipulation shall have no precedential effect

concerning the alleged violations of 42 U.S.C. § 1983, the United States Constitution, or any other sources of law. In addition, notwithstanding the provisions of any paragraph herein, this Stipulation shall not bind or collaterally estop Defendants; the State of New York; or their present and former agencies, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, whether in an individual or official capacity, or any of them, or all of them, in any pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in any such actions or proceedings, or from advancing any defenses in any such actions or proceedings. Nothing in this Stipulation shall be construed to have any effect whatsoever on the precedential value of the decisions issued by the District Court and Court of Appeals in this case.

4.      **Release**

In exchange for the undertaking by the Defendants set forth in Paragraph 5 of this Stipulation and other good and valuable consideration, the sufficiency of which is hereby acknowledged, Plaintiffs and Plaintiffs' counsel and Plaintiff-Intervenors and Plaintiff-Intervenors' counsel, on behalf of themselves, their successors and assigns (collectively, "Releasing Parties"), agree to accept the undertakings provided in Paragraph 5 herein in complete satisfaction of any and all claims, allegations, or causes of action asserted in the Complaints and this Action, including for attorney's fees, costs, disbursements, or expenses, with prejudice and without any payments, attorney's fees, costs, disbursements, or expenses except as specified in Paragraph 5 of this Stipulation, and hereby release and forever discharge Defendants and the State of New York, together with all of their present and former principals, officers, directors, members, employees, agents, attorneys, insurers, agencies, subdivisions, subsidiaries, administrators, and assigns, individually and in their official capacities (collectively, "Released Parties"), from all

4

manner of actions, injuries, proceedings, causes of action, grievances, suits, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Parties ever had, now have, or shall or may have in the future against some, any, or all of the Released Parties, relating to the claims asserted in the Complaints or Action or that could have been asserted in the Complaints or Action, including for attorney's fees, costs, disbursements, or expenses, except as provided in this Stipulation.  Plaintiffs and Plaintiff-Intervenors are not waiving or releasing any non-waivable statutory protections. Plaintiffs and Plaintiff-Intervenors are not waiving or releasing any claims unrelated to those asserted in the Complaints or Action or that may arise that could not have been asserted in the Complaints or Action after Plaintiffs and Plaintiff-Intervenors execute this Stipulation.

5. **Defendants' Undertakings**

For and in consideration of the undertakings by Plaintiffs set forth in this Stipulation, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, Defendants hereby agree as follows:

a) The State of New York, on behalf of Defendants, agrees to pay to Plaintiffs' counsel the sum of fifty-five thousand, three hundred and seven dollars and thirty-three cents ($55,307.33) ("Plaintiffs' Settlement Amount Payment"), for which I.R.S. Forms 1099 shall be issued to Kurzon Kohen LLP, in full and complete satisfaction of any and all claims, allegations, or causes of action against the Defendants for attorney's fees, costs, disbursements, and expenses that Plaintiffs may have for any and all attorneys who have at any time represented, consulted with, or acted on behalf of Plaintiffs in connection with the Complaints or this

5

Action. Plaintiffs' Settlement Amount Payment shall be made payable to Kurzon Kohen LLP.

b) The State of New York, on behalf of Defendants, agrees to pay to Plaintiff-Intervenors' counsel the sum of one hundred and sixty-four thousand, six-hundred ninety two dollars and sixty-seven cents ($164,692.67) ("Plaintiff-Intervenors' Settlement Amount Payment") as follows, for which I.R.S. Forms 1099 shall be issued to Cohen Green PLLC, Advocates for Justice Chartered Attorneys, and Jonathan Wallace (in the amounts below) in full and complete satisfaction of any and all claims, allegations, or causes of action against the Defendants for attorney's fees, costs, disbursements, and expenses that Plaintiffs may have for any and all attorneys who have at any time represented, consulted with, or acted on behalf of Plaintiffs in connection with the Complaints or this Action.  Plaintiff-Intervenors' Settlement Amount Payment shall be made payable by three separate payments, as follows:

    a. $92,449.41 payable to Cohen Green PLLC

    b. $47,809.19 payable to Advocates for Justice Chartered Attorneys

    c. $24,434.07 payable to Jonathan Wallace

**6.**   **State Approval of Payments**

The Plaintiffs' Settlement Amount Payment and Plaintiff-Intervenors' Settlement Amount Payment referenced in Paragraph 5 of this Stipulation (collectively, the "Settlement Amount Payments") are conditioned upon and subject to the approval of all appropriate officials of the State of New York in accordance with Section 17 of the New York Public Officers Law.  Plaintiffs,

Plaintiff-Intervenors, and their counsel agree to execute and deliver promptly all necessary and appropriate vouchers and other documents requested with respect to obtaining such approval and effectuating such payment.

       **7.**      **Accrual of Interest**

      In the event that the Settlement Amount Payments referenced in Paragraph 5 of this Stipulation have not been made in full by the ninetieth (90th) day after receipt by the Office of the Attorney General of a "So Ordered" copy of this Stipulation, entered into the record by the Clerk of Court, together with all other requested documentation required under Paragraph 6 of this Stipulation, interest on any part of the Settlement Amount Payments not paid by ninetieth (90th) day shall accrue on the outstanding principal balance at the statutory rate prescribed by 28 U.S.C. § 1961, beginning on the ninety-first (91st) day.

       **8.**      **Liability of Plaintiffs and Plaintiff-Intervenors for Taxes**

      Plaintiffs, Plaintiff-Intervenors, and their counsel agree that any taxes on the Settlement Amount Payment referenced in Paragraph 5 above, and/or interest or penalties imposed by any taxing authority on such payments, shall be their sole and complete responsibility.  Plaintiffs, Plaintiff-Intervenors, and their counsel shall have no claim, right, or cause of action against Defendants or the State of New York (including, but not limited to, any and all agencies, departments, or subdivisions thereof) or any of their officials, employees, or agents, whether in their individual or official capacities, on account of such interest or penalties. In the event that any taxing authority or any other federal, state, or local government, administrative agency, or court issues a final determination that Defendants or the State of New York, or any of their offices, agencies, departments, divisions, or subdivisions are liable for the failure of Plaintiffs, Plaintiff-

Intervenors, or their counsel to pay federal, state, or local income tax, or other taxes or withholdings with respect to any portion of the Settlement Amount Payments referenced in Paragraph 5 above, or are liable for interest or penalties related thereto, Plaintiffs and Plaintiff-Intervenors agree to reimburse Defendants or the State of New York, or any of their offices, agencies, departments, divisions, or subdivisions, for such liability with respect to any portion of the Settlement Amount Payments referenced in Paragraph 5 above, so long as Plaintiffs and Plaintiff-Intervenors have been provided with notice of any such claim or proceeding promptly following receipt of notice of such claim or proceeding by Defendants and/or the State of New York.

9.    **Responsibility of Plaintiffs, Plaintiff-Intervenors, and Their Counsel for Liens and Setoffs**

Plaintiffs, Plaintiff-Intervenors, and their counsel agree that neither Defendant nor the State of New York, or any of their offices, agencies, departments, divisions, subdivisions, or current or former officials, employees, or agents, whether in their individual or official capacities, shall be responsible for the satisfaction of any liens or the payment of set-offs of any kind that may attach to the Settlement Amount Payment referenced in Paragraph 5 above.  Plaintiffs, Plaintiff-Intervenors, and their counsel shall have no claim, right, or cause of action against Defendants or the State of New York, or any of their offices, agencies, departments, divisions, subdivisions, or current or former officials, employees, or agents, whether in their individual or official capacities, on account of any such liens or set-offs.

10.    **No Other Counsel**

Except as disclosed in timesheets exchanged by the Parties during settlement negotiations, Plaintiffs and Plaintiff-Intervenors represent and warrant that no attorney other than the

undersigned counsel have rendered any legal services or incurred any costs, disbursements, or expenses recoverable pursuant to 42 U.S.C. § 1988 in connection with the Complaints or this Action, and that no other attorney has a lien for services rendered to Plaintiffs, or for costs, disbursements, or expenses incurred on their behalf, pursuant to the provisions of Section 475 of the New York Judiciary Law, or otherwise in connection with the Complaints or this Action.

11.   **Miscellaneous Provisions**

a)   Entire Agreement: This Stipulation constitutes the entire agreement between the Parties pertaining to the subject matter hereof, and it supersedes, embodies, merges, and integrates all prior and current agreements and understandings of the Parties, whether written or oral, with respect to the subject matter of this Stipulation, and may not be clarified, modified, changed, or amended except in a writing duly executed by the Parties or an authorized representative of the Parties hereto.

b)   Governing Law: The terms of this Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, without regard to choice-of-law rules.

c)   Severability: If any provision of this Stipulation, other than Paragraphs 1, 4 and 6, shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion(s) of this Stipulation or affect its validity.

d)   Voluntary Agreement: The Parties hereto execute and deliver this Stipulation voluntarily after being fully informed of its terms, contents, and effect and acknowledge that she, he, they, or it understands its terms, contents, and effect.

Each of the Parties acknowledges that she, he, they, or it has been represented by counsel of her, his, their, or its own choosing before agreeing to any settlement or release, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any Party hereto or any one acting on behalf of such Party.

e) <u>Authority</u>: Each signatory to this Stipulation hereby represents and warrants that he, she, they, or it has the requisite authority to enter into this Stipulation and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Stipulation.

f) <u>Successors and Assigns</u>: The terms and conditions of this Stipulation shall inure to the benefit of, and be binding upon, the successors and assigns of each Party hereto.

g) <u>Execution</u>: This Stipulation may be executed in any number of counterparts, each of which shall be deemed an original and which, taken together shall constitute one and the same instrument, and may be executed by facsimile, electronic signature, or electronically scanned signature.

h) <u>Headings</u>: The headings contained in this Stipulation are for convenience or reference only and are not a material part of this Stipulation.

i) <u>Submission to the Court</u>: Upon being fully executed, this Stipulation may be submitted to the Court to be "so ordered" by any Party without further notice.

IN WITNESS WHEREOF, the Parties hereto acknowledge that they have read this Stipulation and accept and agree to the provisions contained herein, and have each executed this Stipulation to be effective on the day and date indicated below.

Dated: New York, New York
      August 31, 2020

                             LETITIA JAMES,
                             Attorney General
                                State of New York
                             *Counsel for Defendants*

                             By:    Matthew L. Conrad
                                     Assistant Attorney General
                                     28 Liberty Street
                                     New York, NY 10005

                             KURZON KOHEN LLP
                             *Counsel for Plaintiffs*

                             /s/ Jeffrey M. Kurzon
                           By:    Jeffrey M. Kurzon, Managing Partner
                                   305 Broadway, FL 7
                                   New York, NY 10007

                             COHEN&GREEN P.L.L.C.
                             *Counsel for Plaintiff-Intervenors*

                           By:    J. Remy Green
                                   Elena K. Cohen
                                   Jonathan Wallace, *of counsel*
                                   1639 Centre Street, Suite 216
                                   Ridgewood, New York 11385

                             Advocates for Justice
                             *Counsel for Pla.nt.ff-Interve... rs*

                           By:    Arthur Z. Schwartz

225 Broadway, Suite 1902
New York, NY 10007

SO ORDERED.

Dated:  September 1, 2020
        New York, New York

ANALISA TORRES
United States District Judge